## STONE MOUNTAIN CONFEDERATE MONUMENTAL ASSOCIATION *et al. v.* SMITH *et al.*

Nos. 7351, 7352. APRIL 17, 1930. REHEARING DENIED MAY 19, 1930.

*Colquitt & Conyers, Dorsey & Shelton, B. P. Gambrell,* and *Courtland S. Winn,* for plaintiffs in error.

*Frank T. Grizzard, H. F. Sharp,* and *John I. Kelley,* contra.

BECK, P. J. (After stating the foregoing facts.) The two cases stated above involve the same facts and the same questions of law, and are therefore decided as one case.

The agreement that this case should be dismissed in the happening of a certain contingency was made by Mr. Scott Candler, of counsel for Mrs. Corine Smith et al., the plaintiffs in the equitable suit against Stone Mountain Confederate Monumental Association. He was the attorney of record at the time the agreement was made. There is nothing to indicate that he was not the leading counsel and that he was not fully vested with all the authority that attorneys and counselors engaged in the conduct of a cause have to conduct the case and to make agreements and consent in regard thereto. Consequently, in making the agreement referred to as to the dismissal of the case, his clients were as fully and completely bound as parties to a case can be bound by a consent and agreement made by their counsel without having them join in the consent and agreement. There are two questions involved here. The first is, are parties to a pending suit bound by the consent and agreement of their counsel? And the second is, was that consent and agreement binding and enforceable, though it was not reduced to writing and rested in parol?

While there may be some difference of opinion in the profession as to whether or not such an agreement and consent as that in-

volved in the present controversy, where it is made by the attorney at law without the consent or knowledge of his client, is binding upon the latter, yet the great majority of the courts, so far as we are able to ascertain, have decided that a consent or agreement to the dismissal of an action, made by the attorney, is binding upon his client. In the text in Ruling Case Law we find the following: "Although there are decisions to the effect that an attorney has no implied authority to dismiss an action, yet the general rule as evidenced by the weight of authority is that he may, by virtue of his general authority as such, dismiss or discontinue the action, or agree to a nonsuit; but he is not, as a general rule, held to have the implied authority to enter a retraxit, since by the latter the plaintiff irrevocably renounces his right of action. This rule has, however, been relaxed under the statutes of some jurisdictions. The question whether an action shall be dismissed relates to the conduct of the suit and to the remedy—a question frequently arising in all courts, and is one peculiarly addressed to the skill, knowledge, and judgment of the attorney. When the alternative is presented of a probable defeat upon the merits, or a dismissal without prejudice, thus saving the cause of action, it is for the attorney to decide, as one of the incidents of the trial, and in the performance of his duty to his client, which course to pursue." 2 R. C. L. 992-3. And if the consent and agreement, which is proved by the uncontroverted testimony in this case, had been reduced to writing, we do not think that there could be any question as to its binding force and effect. But it was not in writing. And the other question is, can and should it be enforced by the court, in the absence of a writing to evidence the agreement? Rule 19 of the superior courts of this State, embodied in section 6278 of the Civil Code, is as follows: "No consent between attorneys or parties will be enforced by the court, unless it be in writing, and signed by the parties to the consent, where such consent or agreement is denied by the opposite party." We are of the opinion that the proper construction of this is, that where the consent or agreement in question is denied by the opposite party, such consent or agreement will not be enforced by the court. But the necessary inference from this section is, that if the consent or agreement is not denied, then it is enforceable. And this we hold to be the proper construction of this rule of the superior court quoted above. It is true that section 6221 of the

Code, which embodies rule 3 of the Supreme Court, declares that "In the conduct of a case, no agreement or consent will be recognized or enforced which is not reduced to writing, signed by the parties or their counsel, and filed with the clerk." But the rule last stated applies to the conduct of cases in this court and not in the superior courts. If the same agreement had been made as to a case pending in this court, that is, that it should be dismissed upon the happening of a certain contingency, and that contingency did happen, the agreement to dismiss would not be enforced unless that agreement or consent were in writing and signed by the parties or their counsel, and filed with the clerk of this court. The rule of the Supreme Court quoted declares positively and categorically that an agreement between counsel, admitted to be true by counsel for both parties, will not be enforced unless in writing. But the rule of the superior court embodied in section 6278, supra, is quite different. But if we are wrong in our construction of these two rules and the application which we make to the facts of this case, there is another principle of law that is controlling; and that is, that if one of the parties has acted upon the agreement, or it has been partly executed on the part of one of the parties or his counsel, the agreement would become binding though not in writing. From the record before us it appears that the case against the Monumental Association had been dismissed. It may be, as claimed by the defendants in error, that it had been dismissed by a mistake of the court, and in the statement of the facts appears the order reinstating it; but it also appears from the uncontroverted evidence in this case that the consent of counsel for the Monumental Association to the reinstatement of the case had been obtained and they made no resistance to the order of reinstatement. They acted upon the agreement that it should be reinstated, but that it should be dismissed in the happening of a contingency, which contingency did take place, and that gave them the right to insist upon the enforcement of the agreement to dismiss; which is not denied by counsel for the defendants in error. And in the motion to dismiss, which is admitted to be true, it is recited that "only by virtue of said consent and agreement was a consent order taken revoking said order of dismissal." In the case of *Bradshaw* v. *Gormerly,* 54 *Ga.* 557, it was said: "Where several claim cases are pending between several plaintiffs and one defendant and claimant, and one case is

tried and the property found subject, and the claimant proposed to test the principle involved by bringing that case to this court, and where claimant's counsel agreed with plaintiffs' counsel in the other cases that they should not be then tried, but await and abide the decision on the case brought here, claimant assenting in person to the agreement, and the other cases, though ready for trial, were not tried in consequence of the agreement, and where, so soon as the remittitur affirming the judgment below is returned and entered of record, the claimant withdraws his claims in the other cases, and the land has been sold and the proceeds in court in the hands of the sheriff: *Held*, that the agreement, so assented to by claimant in person, is binding upon him, and the plaintiffs should have been permitted to prove it on the rule to distribute the fund. . . If claimant had not assented in person, the agreement of his counsel, though not in writing, would have bound him, the agreement having been executed on the part of plaintiffs' counsel, and the court should have allowed and considered the proof to that effect. . . The withdrawal of the claims by Gormerly, on the return of the remittitur from this court, was in violation of his agreement. He himself assented to what his counsel agreed, and it would be to permit a gross fraud to allow him to repudiate his bargain after he had made it and lost the case here. If he had not assented in person, he would have been concluded by the acts of his counsel; for the agreement was executed by plaintiffs not trying but continuing their cases, and the claimant is estopped from saying that the agreeement was not in writing."

In view of what is said above, the judgment refusing to dismiss the case must be reversed. This ruling is applicable to both cases.

*Judgments reversed. All the Justices concur.*