## 40088. BRUMBELOW v. NORTHERN PROPANE GAS COMPANY d/b/a NORGAS.

CLARKE, Justice.

The Court of Appeals has certified the following questions to this court for opinion.

1. Is a settlement agreement enforceable by defendant when it is undisputed that plaintiff's attorney communicated to defendant's attorney acceptance of a settlement offer but plaintiff subsequently denied that she ever consented to the settlement?

2. Where there is no "detrimental reliance" on such a settlement agreement by the defendant, is the oral nature of that agreement fatal to it where plaintiff does not dispute the existence of the agreement but disputes her attorney's authority to enter into it?

To answer these questions we must consider the requirements of OCGA § 15-19-5 (Code Ann. § 9-605) and of Superior Court Rule 39 (Code Ann. § 24-3339) for a writing.[1] OCGA § 15-19-5 (Code Ann. § 9-605) provides that attorneys have authority to bind their clients in any action or proceeding by an agreement in relation to the cause made in writing. Superior Court Rule 39 (Code Ann. § 24-3339) provides that no agreement or consent if denied by the opposite party will be enforced by a court unless it is in writing and signed by the parties. OCGA § 15-19-5 (Code Ann. § 9-605) and Superior Court Rule 39 (Code Ann. § 24-3339), although slightly different in content, have been construed together by this court in a number of cases without any crucial difference being noted. *Davis v. Davis,* 245 Ga. 233 (264 SE2d 177) (1980); *General Communications Service v. Ga. Public Service Comm.,* 244 Ga. 855 (262 SE2d 96) (1979).

Under Georgia law an attorney of record has apparent authority to enter into an agreement on behalf of his client and the agreement is enforceable against the client by other settling parties. *Stone Mountain Confederate Monumental Assn. v. Smith,* 170 Ga. 515 (153 SE 209) (1930); Glazer v. J. C. Bradford & Co., 616 F2d 167 (5th Cir. 1980). This authority is determined by the contract between the attorney and the client and by instructions given the attorney by the client, and in the absence of express restrictions the authority may be considered plenary by the court and opposing parties. *Davis v. Davis,* supra; *Shepherd v. Carlton's Nice Cars,* 149 Ga. App. 749 (256 SE2d

---

[1] OCGA § 15-19-6 (Code Ann. § 9-605) provides that an attorney may not accept less than the full amount in cash for a client's claim without special authority. Since the general application of this section is in regulation of the relationship between attorney and client and in matters in which the claim in question is for a sum certain, this section is not relevant to the problem before us.

113) (1979). The authority may be considered plenary unless it is limited by the client and that limitation is communicated to opposing parties. *Reece v. McCormack,* 188 Ga. 665 (4 SE2d 575) (1939); *Elliott v. Elliott,* 184 Ga. 417 (191 SE 465) (1937); Glazer v. J. C. Bradford & Co., supra. Therefore, from the perspective of the opposing party, in the absence of knowledge of express restrictions on an attorney's authority, the opposing party may deal with the attorney as if with the client, and the client will be bound by the acts of his attorney within the scope of his apparent authority. The client's remedy, where there have been restrictions not communicated to the opposing party, is against the attorney who overstepped the bounds of his agency, not against the third party.[2]

What then is the effect of OCGA § 15-19-5 (Code Ann. § 9-605) and Superior Court Rule 39 (Code Ann. § 24-3339) upon the apparent authority of the attorney? Superior Court Rule 39 (Code Ann. § 24-3339), which requires that the agreement be in writing signed by the parties if denied by the opposite party, may be construed as requiring a writing only if the existence of the agreement or terms of the agreement are denied. Cf. *Stone Mountain Confederate Monumental Assn. v. Smith,* supra. The clear implication of the language of the rule itself, as well as this interpretation of it, is that a writing is required to assure certainty of the content of the agreement, rather than certainty as to the consent of the parties. Rule 39 (Code Ann. § 24-3339) which, along with the other Superior Court Rules, has had a somewhat confusing history, has been omitted entirely from the Official Code of Georgia Annotated. It is not part of the 1981 code, nor has it been part of any other code. Its status now is doubtful. See, Adams, " 'Out of the Midst of the Fire': Vignettes from the Code of 1981," 19 Ga.St.B.J. 130 (1983). But in any event, since the challenge here was to neither the existence nor the terms of the agreement, we find that Rule 39 does not apply.

A more difficult question is the application of OCGA § 15-19-5 (Code Ann. § 9-605) which on its face seems to require a writing even in the absence of a challenge to the agreement. A second difference between this section and Rule 39 is the absence of the requirement that the writing be signed by the parties. OCGA § 15-19-5 (Code Ann. § 9-605) specifically gives attorneys statutory authority to bind their

---

[2] The Rules and Regulations for the Organization and Government of the State Bar of Georgia, as amended November 4, 1983, provide as follows: "In his representation of a client, a lawyer shall not . . . institute, cause to be instituted or settle a legal proceeding or claim without obtaining proper authorization from his client." Part III, DR 7-102(A)(9).

clients in any action or proceeding by any agreement in relation to the cause, made in writing. . . ." In requiring a writing, did the legislature intend to add a requirement which would serve much the same purpose as the Statute of Frauds or, on the other hand, did the legislature intend to severely limit the apparent authority of attorneys? We find some guidance in the same construction given the predecessor to Superior Court Rule 39 in *Stone Mountain Confederate Monumental Assn. v. Smith,* supra. In that case we held: "Where the consent and agreement referred to was not reduced to writing, but was not denied [although the client never knew of the agreement nor assented thereto], it is enforceable;. . . ." Id. at 515. Since in that case there was no challenge to the terms of the agreement but there was a challenge to the attorney's authority to enter into it, the "denial" referred to in the quoted language must be a denial of the existence or terms of the agreement. Logically then, the purpose of the rule should be construed as avoiding a dispute over the question of the existence of an agreement or its terms. We now find that OCGA § 15-19-5 (Code Ann. § 9-605) should be similarly construed, with the requirement of a writing going to the existence of an agreement or its terms. In other words, where the dispute as to an agreement is not between opposing parties but is, rather, between the attorney and client over the attorney's authority, and where the opposite party is ignorant of any limitation upon the attorney's authority, the client will be bound by his attorney's actions.

Ordinarily, for an attorney to bind his client to a settlement agreement where there is a dispute as to terms, the agreement must be in writing. OCGA § 15-19-5 (Code Ann. § 9-605). This requirement of a writing goes to the certainty that an agreement exists and to the certainty of the terms of the agreement, not to the question of consent of the client to the agreement. The writing which will satisfy this requirement ideally consists of a formal written agreement signed by the parties. However, letters or documents prepared by attorneys which memorialize the terms of the agreement reached will suffice. Even in the face of the challenge of a party to the terms of a settlement, where the opposite party has relied to his detriment on the agreement, the absence of a writing will not render the agreement unenforceable. *Ga. Communications Service v. Ga. Public Service Comm.,* supra. An attorney has apparent authority to enter into a binding agreement on behalf of a client. *Davis v. Davis,* supra; *Stone Mountain Confederate Monumental Assn. v. Smith,* supra; Glazer v. J. C. Bradford & Co., supra. Therefore, where there is no challenge to the existence or the terms of an agreement but only to an attorney's authority to enter into it, the client is bound by its terms even in the absence of a writing or detrimental reliance on the part of the

opposite party.

*Questions so answered. All the Justices concur.*

Decided November 9, 1983 —
Rehearing denied November 30, 1983.

*John N. Crudup,* for appellant.
*Telford, Stewart & Stewart, George W. Brinson,* for appellee.
*Michael R. Casper,* amicus curiae.

## ADDENDUM.

Clarke, Justice.

On rehearing Ms. Brumbelow contends there is an issue as to the existence or content of the settlement agreement and that she should not be bound by it. This is not an issue before us because our function is simply to answer the questions certified to us by the Court of Appeals. It is the function of the Court of Appeals to apply these answers to the facts as it finds them.