## 66042. BRUMBELOW v. NORTHERN PROPANE GAS COMPANY.

BIRDSONG, Judge.

The facts material to this appeal are basically undisputed. This action was instituted by appellant in July, 1981, for recovery of property damage allegedly accruing from the negligence of appellee. In May, 1982, after initial discovery, counsel for both parties entered into settlement negotiations, which ultimately resulted in an offer from appellee of $12,000 to settle the entire case, including the subrogated interest of appellant's insurer. On the same date, June 4, 1982, appellant's counsel, who also represented the subrogated interest, informed appellee's counsel that he had received both appellant's and her insurer's consent to settle the action for $12,000. Pursuant to this agreement, appellee's counsel prepared the necessary settlement documents. Three days later, on June 7, 1982, appellant's counsel contacted appellee's counsel and advised him that appellant "had changed her mind and no longer wanted to settle the case." A pretrial conference originally scheduled for June 7 had been cancelled in view of the purported settlement.

Appellant has produced no evidence to dispute the fact that an oral agreement was reached between her attorney and appellee's attorney or to dispute the terms of that agreement; however, she maintains that her attorney had no authority to enter into such an agreement. She contends, among other things, that she never approved of the settlement and that she was "defrauded" as to her attorney's representation of the subrogated interest of her insurer and as to the nature of that interest. Appellant discharged her attorney and retained new counsel as a result of the settlement dispute. According to the record on appeal, appellant has not executed the release or negotiated the check forwarded by appellee's counsel.

Appellee moved for summary judgment based upon the oral settlement agreement. The motion was unopposed by appellant's insurer, represented by appellant's former counsel, who verified by affidavit the existence of the agreement and appellant's approval of it. After a hearing, the transcript of which is not included in the record on appeal, the trial court granted appellee's motion.

After oral argument, we certified the following questions to the Supreme Court for opinion:

1. Is a settlement agreement enforceable by a defendant when it is undisputed that plaintiff's attorney communicated to defendant's attorney acceptance of a settlement offer but it is subsequently

denied that plaintiff ever consented to the settlement? See OCGA § 15-19-6 (Code Ann. § 9-606); *Kaiser & Bro. v. Hancock,* 106 Ga. 217 (32 SE 123); *Equitable Gen. Ins. Co. v. Johnson,* 166 Ga. App. 215 (303 SE2d 757); *Bell & Harrell v. Kwilecki,* 11 Ga. App. 9 (1) (74 SE 444). Contra, *Davis v. Davis,* 245 Ga. 233, 235 (264 SE2d 177); *Olson v. Chicago Title Ins. Co.,* 158 Ga. App. 713, 714 (282 SE2d 184); *Lennon v. Aeck Assoc.,* 157 Ga. App. 294 (277 SE2d 289). See also Glazer v. Bradford, 616 F2d 167 (5th Cir. 1980).

2. Where there is no "detrimental reliance" on such a settlement agreement by the defendant, is the oral nature of that agreement fatal where plaintiff does not dispute the existence of the agreement but disputes her attorney's authority to enter into it? See Superior Court Rule 39 (Code Ann. § 24-3339); *General Communications Service v. Ga. Public Service Comm.,* 244 Ga. 855, 856 (262 SE2d 96); *Stone Mtn. Confederate Monumental Assn. v. Smith,* 170 Ga. 515, 521 (153 SE 209); Glazer v. Bradford, supra.

The Supreme Court answered the first question affirmatively and the second question negatively. *Brumbelow v. Northern Propane Gas Co.,* 251 Ga. 674 (308 SE2d 544). Because the only factual dispute in this case arises over the authority of appellant's former attorney to enter into the settlement agreement which is irrelevant in light of the Supreme Court's ruling, the trial court properly granted appellee's motion for summary judgment. We must conclude that any apparent conflicting language or holding contained in *Equitable Gen. Ins. Co. v. Johnson,* supra, Division 2; and *Westwood Place v. Green,* 153 Ga. App. 595, 596 (2) (266 SE2d 242) reversed in part on other grounds sub nom. *Leventhal v. Green,* 246 Ga. 287 (271 SE2d 194) has been superceded by the Supreme Court's response to our certified questions.

*Judgment affirmed. McMurray, C. J., and Shulman, P. J., concur.*

DECIDED JANUARY 31, 1984 —
REHEARING DENIED FEBRUARY 15, 1984.

*John N. Crudup,* for appellant.
*George W. Brinson,* for appellee.
*Michael R. Casper,* amicus curiae.