73712. WILLIAMS v. BRYANT.
(357 SE2d 278)

McMURRAY, Presiding Judge.

This interlocutory appeal involves review of a denial of a motion to enforce settlement agreement. The original plaintiff in the underlying action for damages arising from a motor vehicle collision was Joseph Bryant. Subsequently, Dora Mae Bryant, wife and guardian of Joseph Bryant, was substituted as plaintiff in her capacity as guardian over the person and property of Joseph Bryant. We note that while the purported settlement agreement occurred prior to the substitution of party plaintiff, the affidavit of Dora Mae Bryant reveals that she, in her capacity as guardian, was directing the litigation on behalf of plaintiff prior to the entry of the order substituting plaintiff.

The defendant's motion to enforce settlement agreement is supported by the affidavit of defendant's attorney stating that a former attorney for the plaintiff agreed to settle the case, and that at no time

was there ever communicated to him any limitation to the authority of plaintiff's former attorney to enter into a settlement agreement on behalf of his client. Although the affidavit of Dora Mae Bryant indicates that while acting as guardian she limited plaintiff's attorney's authority to settle the case, there is no contradiction of the affidavit of defendant's attorney insofar as it states that any such limitation was never communicated to him. We also note that plaintiff's attorney at the time of the purported settlement agreement has withdrawn from the representation of plaintiff in the case sub judice and the record contains no affidavit or testimony of that attorney in regard to the purported settlement agreement. *Held*:

Under *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (308 SE2d 544), the challenge to the apparent authority of plaintiff's former attorney to enter into a settlement agreement on behalf of his client fails. However, an issue remains as to the identity of the client. The record contains a release which was sent to plaintiff's former attorney by defendant's attorney (along with a draft for $2,500 and a dismissal). This document purports to release, in addition to the claims of Joseph Bryant, any claim of Dora Mae Bryant, individually and as wife of Joseph Bryant. The unsigned release document is the only evidence in the record as to the terms of the purported settlement agreement.

Plaintiff's action is solely for the personal and property damage to Joseph Bryant and no claim is stated in the case sub judice based on the wife's injuries, if any. Nor is there any evidence that the former attorney of plaintiff was employed by Dora Mae Bryant other than in her fiduciary capacity as guardian of Joseph Bryant. Consequently, the former attorney of plaintiff lacked apparent authority to compromise any claim of the wife in her individual capacity or as wife of Joseph Bryant. The uncontradicted evidence shows that plaintiff's former attorney lacked actual authority to settle on the terms suggested by defendant. Therefore, the record fails to show a settlement agreement within the authority, apparent or actual, of plaintiff's former attorney. The superior court did not err in denying defendant's motion to enforce settlement agreement.

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED APRIL 28, 1987 —
REHEARING DENIED MAY 14, 1987 —

*John E. Bumgartner*, for appellant.
*Amanda F. Williams, Sheryl Jolly*, for appellee.