74808. LeCROY et al. v. MASSEY et al.
(366 SE2d 215)

BENHAM, Judge.

During the course of litigation concerning several interlocking estates, certain funds were distributed to appellants pursuant to a purported oral settlement agreement between counsel for the parties. Ap-

pellees, asserting that there was no such agreement, moved for summary judgment on that issue. Three of the six attorneys involved swore that there was a settlement agreement; three swore that there was not. The trial court granted appellees' motion, holding that there was, as a matter of law, no enforceable agreement. We agree.

*Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (308 SE2d 544) (1983), interpreted OCGA § 15-19-5 to require, in those circumstances where the very existence of an agreement was controverted, as opposed to those situations in which the authority of counsel to enter into an agreement was disputed, that an agreement between counsel on behalf of their clients must be in writing in order to be enforceable. The existence of the agreement is hotly contested in this case, so the absence of a writing prevents enforcement. Cf. *Bridges v. Bridges*, 256 Ga. 348 (1) (349 SE2d 172) (1986).

Uniform Superior Court Rule 4.12 (253 Ga. 799, 816) provides as follows: "An attorney of record has apparent authority to enter into agreements on behalf of his client(s) in civil actions. Oral agreements, if established, are enforceable." Appellants contend that the Rule and the holding in *Brumbelow* are in conflict, and that since the Supreme Court enacted the Rules subsequent to its decision in *Brumbelow*, the Rule controls and permits enforcement of the purported agreement. We agree, however, with appellees' argument that although the Rule makes oral agreements enforceable "if established," *Brumbelow* decrees how they are to be established. That is, where the very existence of the agreement is disputed, it may only be established by a writing. There is no writing establishing the agreement asserted by appellants, so the trial court was correct in granting summary judgment to appellees.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 15, 1988 — 

*Timothy P. Healy*, for appellants.
*Janney E. Sanders*, for appellees.