### A90A0653. STONE v. KING.
(396 SE2d 45)

SOGNIER, Judge.

Paul King filed suit against Ernest C. Stone to recover on a promissory note that had been executed by Stone, cosigned by King, and then assigned to King by the promisee after King paid Stone's indebtedness. When Stone refused to execute a document memorializing a settlement agreement allegedly reached by the parties, King moved the trial court to enforce the agreement. After a bench trial, the court entered judgment for King on the terms of the settlement agreement. Stone appeals from the denial of his motion for new trial.

1. Appellant first contends the trial court erred by granting him an extension of time in which to file the trial transcript but then ruling on his motion for new trial after the extension had expired but before the transcript had been completed and filed. This enumeration is without merit, as the court "may in its discretion hear and determine the motion [for new trial] before the transcript of evidence and proceedings is prepared and filed," OCGA § 5-5-40 (c), and we find no abuse of the court's discretion here because given the short time pe-

riod between the trial and the ruling on the motion, the trial evidence was fresh in the memory of the court. See *McClure v. State*, 163 Ga. App. 236, 237 (2) (293 SE2d 496) (1982).

2. Appellant's contention that the evidence does not support the trial court's conclusion that a settlement agreement had been reached is similarly without merit. Both appellee and Gary Moser, appellant's counsel at the time, testified that the parties and their attorneys met on July 1, 1988 for depositions, but that after negotiations they reached agreement on a settlement whereby appellant would pay the balance owed on the note in monthly installments, with interest, and would dismiss his counterclaim for tortious interference with business relations. Pursuant to the agreement reached that day, Moser drafted the requisite documents and forwarded them to the parties for signing. The record reveals that appellee and his counsel signed the agreements, but appellant did not do so. He also failed to respond to a subsequent letter from Moser warning him of the consequences of refusing to execute the documents memorializing the parties' agreement. Appellant testified that, while he gathered from the documents drafted by Moser that Moser had agreed to settle the case, he (appellant) had not agreed to the settlement because it required him to convey a security interest in inventory he previously had consigned to his wife. Appellant's denial that agreement was reached is, however, immaterial because a settlement agreement is enforceable where it is undisputed that the attorney for the party denying agreement communicated acceptance of the settlement offer to the other party's counsel but the first party subsequently denies having consented to the settlement. *Brumbelow v. Northern Propane Gas Co.*, 169 Ga. App. 816-817 (315 SE2d 11) (1984). Accordingly, we affirm the trial court's judgment. See id.

3. In his remaining enumerations appellant maintains the lower court erred by awarding attorney fees to appellee because appellee did not raise the issue in his motion for enforcement of the settlement agreement and because the evidence did not support the findings made by the trial court. The record reveals that appellee included a prayer for attorney fees under OCGA § 13-6-11 in his complaint. Although appellee's motion to enforce the settlement agreement did not contain a request for attorney fees, evidence concerning the attorney fee obligation appellee had incurred in pursuing the motion was filed by appellee with no objection from appellant, and the issue was presented at the bench trial. The trial court found that appellant had acted in bad faith, had been stubbornly litigious, and had caused appellee unnecessary trouble and expense in connection with the settlement agreement, and accordingly awarded appellee attorney fees of $1,000.

While the attorney fee issue was tried by consent pursuant to

OCGA § 9-11-15 (b), in Georgia expenses of litigation are not generally allowed as an element of damages, OCGA § 13-6-11, and thus the award of fees may be sustained only if authorized by law. OCGA § 13-6-11, which permits an award of attorney fees "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense," has been held to apply to conduct "aris[ing] from the transaction underlying the cause of action in litigation. [Cits.]" *Ryle v. Sliz*, 162 Ga. App. 868, 869 (293 SE2d 451) (1982). Conversely, OCGA § 9-15-14 (a), (b), which authorizes the recovery of attorney fee expenses incurred in responding to certain claims, defenses, or litigation tactics, has been interpreted to govern conduct occurring during the litigation. *Cobb County v. Sevani*, 196 Ga. App. 247 (___ SE2d ___) (1990).

In the case at bar, appellee sought and was awarded attorney fees for his efforts in enforcing a settlement agreement. If appellee had filed suit solely to enforce the settlement contract, attorney fees would have been recoverable under OCGA § 13-6-11 upon proper proof. Cf. *Clayton v. Deverell*, 257 Ga. 653, 655 (5) (a) (362 SE2d 364) (1987) (authorized recovery of attorney fees under OCGA § 13-6-11 in action for specific performance of settlement agreement). Given, however, that appellee's efforts to enforce the settlement agreement occurred during a pre-existing lawsuit, this conduct arose during the litigation, not as part of the underlying transaction. Because both the settlement agreement and the conduct at issue arose after the commencement of the litigation, we find that OCGA § 9-15-14 applies. See *Cobb County*, supra at 248-249; compare *Franchise Enterprises v. Ridgeway*, 157 Ga. App. 458, 460 (2) (278 SE2d 33) (1981) (held, when no bona fide dispute exists, forcing a plaintiff to file suit to recover constitutes unnecessary trouble and expense under OCGA § 13-6-11). Since appellee did not invoke the provisions of OCGA § 9-15-14 and the trial court did not make findings thereunder, the award of attorney fees must be reversed.

*Judgment affirmed in part and reversed in part. Carley, C. J., and McMurray, P. J., concur.*

DECIDED JULY 3, 1990.

*William W. Turner III*, for appellant.
*Berrien L. Sutton*, for appellee.