A90A2032. JACKSON et al. v. GUNN.

(403 SE2d 461)

McMurray, Presiding Judge.

Plaintiffs, Jessie Jackson and Bessie Lee Jackson, brought suit against Mattie Pearl Gunn in the Superior Court of Muscogee

County. They alleged that plaintiff Bessie Lee Jackson and defendant were owners of a certain parcel of property (consisting of approximately 175 acres) as tenants in common; that plaintiff Bessie Lee Jackson and defendant executed a $19,000 promissory note in favor of the Bank of Manchester; that the note was secured by the property; that plaintiffs repaid the entire amount of the note; and that defendant was liable to plaintiffs for one-half of the note. Plaintiffs also alleged that they paid ad valorem taxes assessed against the property and that defendant was indebted to plaintiffs for her share of the taxes. Finally, plaintiff Bessie Lee Jackson sought an equitable accounting, alleging that defendant received rents and other income from the property and that she failed to account for the rents. Defendant answered the complaint and denied she was liable to plaintiffs.

During the discovery stage of the proceeding, the parties discussed settlement. All settlement negotiations were handled by the parties' attorneys. The attorneys communicated the offers and counteroffers to their clients during the course of the negotiations.

According to the plaintiffs' attorney, the parties agreed that defendant would convey 40 acres of the property to plaintiff Bessie Lee Jackson to settle the case. It was agreed, the plaintiffs' attorney testified, that the conveyance would be made off of the back portion of the property so that the road frontage would remain equally divided between plaintiff Bessie Lee Jackson and defendant. A letter from defendant's attorney to plaintiffs' attorney memorialized the agreement.

To effectuate the settlement, plaintiffs' attorney instructed a surveyor to prepare a survey showing a conveyance of 40 acres from defendant to plaintiff Bessie Lee Jackson from off of the back portion of the property. While the survey was being prepared, however, plaintiff Jessie Jackson told the surveyor that the conveyance was to be made off of the front of the property and that the road frontage was to be divided accordingly. The survey was prepared pursuant to plaintiff Jessie Jackson's instructions.

When the survey was returned to the attorneys, they realized that plaintiffs were unwilling to go along with the settlement. Accordingly, defendant made a motion to enforce the settlement agreement. Retaining new counsel, plaintiffs opposed the motion. They contended that "they never agreed to split the road frontage equally and never authorized their attorney to agree to equal division of the road frontage."

Following a hearing, the trial court granted the motion to enforce the settlement agreement. Plaintiffs appeal. *Held*:

"Under Georgia law an attorney of record has apparent authority to enter into an agreement on behalf of his client and the agreement is enforceable against the client by other settling parties. [Cits.] This

authority is determined by the contract between the attorney and the client and by instructions given the attorney by the client, and in the absence of express restrictions the authority may be considered plenary by the court and opposing parties. [Cits.] The authority may be considered plenary unless it is limited by the client and that limitation is communicated to opposing parties. [Cits.] Therefore, from the perspective of the opposing party, in the absence of knowledge of express restrictions on an attorney's authority, the opposing party may deal with the attorney as if with the client, and the client will be bound by the acts of his attorney within the scope of his apparent authority. The client's remedy, where there have been restrictions not communicated to the opposing party, is against the attorney who overstepped the bounds of this agency, not against the third party." (Endnote omitted.) *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (308 SE2d 544).

Under *Brumbelow*, a client is bound by a settlement agreement entered into by his attorney whether or not he agreed with or authorized the terms of the settlement. See *Hynko v. Hilton*, 198 Ga. App. 308 (401 SE2d 324) (1991). Thus, plaintiffs are bound by the settlement agreement negotiated by their attorney and the attorney for defendant.

Relying upon *Peters v. Dealer Supply Co.*, 150 Ga. App. 657 (258 SE2d 203), plaintiffs contend the settlement agreement should not be enforced because they misunderstood the terms of the settlement agreement. We disagree. *Peters v. Dealer Supply Co.*, supra, cannot be deemed viable in light of *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674, supra.

Plaintiffs' attorney understood the terms of the settlement agreement and he entered into the agreement on behalf of plaintiffs. Whether or not plaintiffs understood the terms of the agreement is of no consequence. *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674, supra. The trial court did not err in granting the motion to enforce the settlement agreement.

*Judgment affirmed. Sognier, C. J., and Carley, J., concur.*

DECIDED MARCH 7, 1991.

*Worthington & Flournoy, Thomas M. Flournoy, Jr.*, for appellants.

*J. Barrington Vaught*, for appellee.