## S92A0253. ABRAMS v. ABRAMS.

(416 SE2d 88)

WELTNER, Presiding Justice.

This appeal concerns the enforceability of a purported oral settlement in a divorce proceeding.

1. In *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (308 SE2d 544) (1983) we held:

> Logically then, the purpose of the rule should be construed as avoiding a dispute over the question of the existence of an agreement or its terms. We now find that OCGA § 15-19-5 (Code Ann. § 9-605) should be similarly construed, with the requirement of a writing going to the existence of an agreement or its terms. In other words, where the dispute as to an agreement is not between opposing parties but is, rather, between the attorney and client over the attorney's authority, and where the opposite party is ignorant of any limitation upon the attorney's authority, the client will be bound by his attorney's actions. [Id. at 676.]

See also *LeCroy v. Massey*, 185 Ga. App. 828 (366 SE2d 215) (1988).[1]

2. Because "the existence of the agreement" is disputed, the oral agreement is not enforceable. Accordingly, the purported order of settlement must be vacated.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 9, 1992.

*Smith, Gambrell & Russell, Alex W. Smith, David M. Brown,* for appellant.

*Awtrey & Parker, Harry P. Hall, Jr., J. Lynn Rainey, Barton J. Bradshaw,* for appellee.

---

[1] There, the Court of Appeals held:

Uniform Superior Court Rule 4.12 (253 Ga. 799, 816) provides as follows: "An attorney of record has apparent authority to enter into agreements on behalf of his client(s) in civil actions. Oral agreements, if established, are enforceable." Appellants contend that the Rule and the holding in *Brumbelow* are in conflict, and that since the Supreme Court enacted the Rules subsequent to its decision in *Brumbelow*, the Rule controls and permits enforcement of the purported agreement. We agree, however, with appellees' argument that although the Rule makes oral agreements enforceable "if established," *Brumbelow* decrees how they are to be established. That is, where the very existence of the agreement is disputed, it may only be established by a writing. [Id. at 829.]