A94A1222. PENNY PROFIT FOODS, INC. v. McMULLEN et al.
(448 SE2d 787)

McMURRAY, Presiding Judge.

Blanche Bagley McMullen and Marie Bagley Roper are the co-executrices of the estate of the late Garland C. Bagley. A provision in Garland Bagley's will purportedly forgave certain debts but the Forsyth County Superior Court refused to probate this will. Seeking to collect on a promissory note owed by Penny Profit Foods, Inc., ("PPF") to Garland Bagley, the executrices commenced foreclosure on certain realty securing that debt. After PPF's petition to enjoin foreclosure was denied by the superior court, the parties engaged in settlement discussions. Subsequently, the executrices moved to enforce an alleged settlement agreement.

In support of their motion to enforce settlement, the executrices introduced a handwritten document captioned: "Penny Profit Foods, Inc. et al v. McMullen & Roper, co-admini . . . of Bagley" and which recites the following: "(1) Check to Forsyth Forum for $192 — Today

. . . (2) Dismissal of Appeal . . . (3) Complete Release of Estate . . . (4) Full payment in amount of $40,810.33 within *30* days. . . . Agreed to this 6th day of April, 1993." This document is signed by PPF's attorney, Lynwood D. Jordan, and by PPF via Bobby Trammel as its president. The executrices also submitted an unsigned typed draft of a formal settlement agreement incorporating the terms noted on the signed handwritten document and containing the further recital that PPF agrees to those specified promises "for and in consideration of the agreement of [McMullen and Roper] to forego the foreclosure sale on April 3, 1993. . . ." Mr. Jordan testified that "the understanding and the conversations between Mr. Shinall[, counsel for the executrices,] and I was that they would not foreclose that morning. That was the morning of the foreclosure, if my memory is correct. They would not foreclose that morning, and in return Penny Profit Foods would do these things [itemized in the handwritten document]." The estate did not exercise its immediate right to foreclose. PPF paid the Forsyth Forum $192 but has never dismissed its appeal in the related probate case nor has it released the estate or paid the $40,810.33.

The trial court granted the motion to enforce settlement, concluding that the attorneys for the parties did not dispute the existence of an oral agreement to settle and that the terms of the agreement were memorialized in the handwritten document signed by counsel and PPF. Consequently, the trial court ordered that PPF's appeal from the probate case be dismissed and further ordered that the estate of Garland C. Bagley be released from any claims of PPF. PPF filed a notice of appeal to the Supreme Court of Georgia, which transferred the case to the Court of Appeals of Georgia. *Held*:

1. The trial court was not deprived of jurisdiction to consider this motion to enforce settlement due to the filing of a notice of appeal in the related probate case between the same parties, where all costs in the trial court had not been paid. OCGA § 5-6-46 (a); *Chappelaer v. General GMC Trucks,* 130 Ga. App. 664, 665 (1) (204 SE2d 326). PPF's fifth enumeration is without merit.

2. In its first and second enumerations, PPF contends the trial court erred holding that the parties entered into a "binding settlement agreement" and "in finding that there was a meeting of the minds between the parties as to the terms of any settlement[,]" arguing that PPF "never understood that the pending legal actions between them had been settled."

"Under Georgia law an attorney of record has apparent authority to enter into an agreement on behalf of his client and the agreement is enforceable against the client by other settling parties. *Stone Mountain Confederate Monumental Assn. v. Smith,* 170 Ga. 515 (153 SE 209) (1930)[.]" *Brumbelow v. Northern Propane Gas Co.,* 251 Ga. 674 (2) (308 SE2d 544). "Ordinarily, for an attorney to bind his client

to a settlement agreement where there is a dispute as to terms, the agreement must be in writing. OCGA § 15-19-5 (Code Ann. § 9-605). This requirement of a writing goes to the certainty that an agreement exists and to the certainty of the terms of the agreement, not to the question of the consent of the client to the agreement. The writing which will satisfy this requirement ideally consists of a formal written agreement signed by the parties. However, letters or documents prepared by attorneys which memorialize the terms of the agreement reached will suffice." *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (2), 676, supra. A party's "denial that [an] agreement was reached is, however, immaterial . . . where it is undisputed that the attorney for the party denying [the] agreement communicated acceptance of the settlement offer. . . . *Brumbelow v. Northern Propane Gas Co.*, 169 Ga. App. 816-817 [(2)] (315 SE2d 11) (1984)." *Stone v. King*, 196 Ga. App. 251, 252 (2) (396 SE2d 45). In the case sub judice, PPF's attorney of record, Mr. Jordan, did not dispute the existence of a settlement agreement or terms thereof. Consequently, the trial court correctly concluded that the oral settlement agreement as made between the attorneys and memorialized by the handwritten document rendered PPF's alleged lack of consent irrelevant to the existence and terms of any such agreement. See *Brumbelow v. Northern Propane Gas Co.*, 169 Ga. App. 816, 817 (2), supra. Furthermore, in the case sub judice, since the existence and terms of this oral settlement agreement are not disputed by the attorneys, that settlement agreement is enforceable and "the client is bound by its terms even in the absence of a writing or detrimental reliance on the part of the opposite party." *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (2), 676-677, supra. Compare *LeCroy v. Massey*, 185 Ga. App. 828, 829 (366 SE2d 215), where "[t]hree of the six attorneys involved swore that there was a settlement agreement [and] three swore that there was not."

3. PPF's fourth enumeration is without merit. The alleged failure of the executrices to file a copy of any dismissal of the appeal to the Supreme Court of Georgia in the related probate case with the clerk of that court in compliance with Georgia Supreme Court Rule 13 is not a good ground for refusing to enforce this settlement agreement. The estate performed its part of the bargain when it refrained from enforcing its immediate right of foreclosure. It would permit a gross fraud on the estate to allow PPF to repudiate its bargain after such detrimental reliance. *Stone Mountain Confederate Monumental Assn.*, 170 Ga. 515, 523, supra.

4. PPF's remaining six enumerations have been considered. PPF's third enumeration is rendered moot by our holding in Division 2. Enumerations six through ten, regarding the validity of Garland C. Bagley's last will, have been rendered moot by the transfer of this appeal by the Supreme Court of Georgia to the Court of Appeals of

Georgia.
*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED OCTOBER 4, 1994.

*Johnson & Montgomery, Harmon W. Caldwell, Jr., R. Scott Berryman,* for appellant.
*John M. Shinall,* for appellees.