A95A2588. TIDWELL v. WHITE et al.
(469 SE2d 258)

McMURRAY, Presiding Judge.

Propounder William Harlow Tidwell and caveators Patsy Tidwell White and Jimmy Otto Tidwell are the adult children of the late Bonita B. Tidwell. After provision for her debts, Bonita B. Tidwell's last will and testament left the residuary "to my son, WILLIAM HARLOW TIDWELL, provided he survives me, to be his own absolutely and in fee simple." Caveators challenged the will on the ground that "William Harlow Tidwell subjected Bonita B. Tidwell to duress and undue influence, fear and intimidation, influencing her to make the 1988 will leaving everything to propounder to the exclusion of caveators." Caveators also alleged that this will had been revoked by a subsequent will. The probate court admitted the will for probate and the caveators appealed to the superior court.

Prior to trial, caveators moved to enforce a purported settlement agreement. They supported their motion with the affidavit of John R. Earl, propounder's original counsel, who deposed that, on Monday, August 1, 1994, he and "Wm. Morgan Akin, counsel for the caveators,

entered settlement negotiations[; . . . that he] discussed the [caveators' written settlement proposals] with his client[; . . . and that at about] noon on Monday August 1, 1994, both counsel settled the above styled action. . . . [John R. Earl] discussed the settlement with [his] client, William Harlow Tidwell, and [William Harlow] Tidwell agreed to the settlement terms and conditions. This settlement was [an oral] settlement[.]" Based upon this oral settlement between the attorneys, John R. Earl "reported to two of the superior court judges, during the lunch hour, that the case had been settled and should be removed from the jury trial calendar. . . ." In response to the caveators' proposed consent final order, propounder "desired that a paragraph be added in which the caveators withdrew their caveat and stating that [William Harlow] Tidwell, as propounder, did not admit committing any wrongful conduct or any conduct which would justify denying probate of the will." A revised proposed consent final order, incorporating the desired changes was submitted on August 15, 1994. But on August 17, 1994, propounder "refused to agree to the same, refused to allow [his counsel, John R. Earl,] to sign the same, and discharged [counsel] from representing [propounder]." This version of events was corroborated by the affidavit of Wm. Morgan Akin, counsel for the caveators.

Through new counsel, propounder opposed the motion, arguing that "settlement negotiations were ongoing after the August 1, 1994 date on which the Motion alleges the case was settled." He submitted an affidavit in opposition, deposing that during settlement discussions with his attorney, "John R. Earl indicated to me that Caveators had agreed to admit that they had lied about certain relevant matters in the Probate Court trial . . . [and that he] rejected the settlement proposal based upon the refusal of Caveators to admit in writing what they had already admitted verbally."

After a hearing, the trial court granted caveators' motion to enforce the settlement agreement. The trial court's order recites: "Prior to the call of the case for trial, counsel for the propounder announced to the Court that the parties had reached a settlement, and requested that the case be removed from the jury trial calendar." The trial court determined that the propounder's affidavit shows that the only issue not expressly settled was the propounder's "insistence that caveators admit they lied in probate court. By affidavit, [Wm. Morgan] Akin denies this was part of the settlement. By testimony, [John R.] Earl denies it was part of the settlement. [John R.] Earl states this was discussed, and propounder agreed to a provision that caveators withdrew their allegations in probate court." Propounder's direct appeal to the Supreme Court of Georgia was transferred to the Court of Appeals of Georgia. *Held*:

Propounder does not contend that he did not agree to settle the

will contest. Rather, in his sole enumeration of error, propounder contends the trial court erred in imposing settlement terms to which he did not agree. He argues that "Georgia law is very clear that an attorney may bind his client to a settlement only by executing a written agreement." He further argues "[a]n alleged oral settlement agreement by counsel is simply unenforceable, particularly when the undisputed evidence shows that the client rejected the alleged terms." We disagree.

1. Initially, we note that no transcript of the testimony adduced before the superior court has been included with the record. "In order for the appellate court to determine whether the judgment appealed from was erroneous, it is the duty of the appellant to include in the record those items which will enable the appellate court to perform an objective review of the evidence and proceedings. OCGA § 5-6-41 (c). 'Thus, where the transcript is necessary(, as in the case sub judice,) and appellant omits it from the record on appeal (or fails to submit a statutorily authorized substitute), the appellate court must assume the judgment below was correct [as authorized by the evidence]. See *McAllister v. City of Jonesboro*, 242 Ga. 95 (249 SE2d 565) (1978); *Brooks v. Home Credit Co.*, 128 Ga. App. 176 (196 SE2d 176) (1973).' *Brown v. Frachiseur*, 247 Ga. 463, 464 (277 SE2d 16)." *Deen v. United Dominion Realty Trust*, 218 Ga. App. 443 (1), 444 (462 SE2d 384). Consequently, in the case sub judice, we accept as correct the recital from the trial court's order that the attorneys for each side testified that a provision containing caveators' admission as insisted upon by the propounder was not a term of the settlement agreement as reached between the attorneys.

2. " 'Under Georgia law an attorney of record has apparent authority to enter into an agreement on behalf of his client and the agreement is enforceable against the client by other settling parties. *Stone Mountain Confederate Monumental Assn. v. Smith*, 170 Ga. 515 (153 SE 209) (1930)(.)' *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (2) (308 SE2d 544). 'Ordinarily, for an attorney to bind his client to a settlement agreement where there is a dispute as to terms, the agreement must be in writing. OCGA § 15-19-5 (Code Ann. § 9-605). This requirement of a writing goes to the certainty that an agreement exists and to the certainty of the terms of the agreement, not to the question of the consent of the client to the agreement. The writing which will satisfy this requirement ideally consists of a formal written agreement signed by the parties. However, letters or documents prepared by attorneys which memorialize the terms of the agreement reached will suffice.' *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (2), 676, supra. A party's 'denial that (an) agreement was reached is, however, immaterial . . . where it is undisputed that the attorney for the party denying (the) agreement communicated ac-

ceptance of the settlement offer. . . . *Brumbelow v. Northern Propane Gas Co.*, 169 Ga. App. 816-817 ((2)) (315 SE2d 11) (1984).' *Stone v. King*, 196 Ga. App. 251, 252 (2) (396 SE2d 45). In the case sub judice, [the propounder's former] attorney of record, Mr. [Earl], did not dispute the existence of a settlement agreement or the terms thereof. Consequently, the trial court correctly concluded that the oral settlement agreement as made between the attorneys and memorialized by the [typed] document rendered [propounder's] alleged lack of consent irrelevant to the existence and terms of any such agreement. See *Brumbelow v. Northern Propane Gas Co.*, 169 Ga. App. 816, 817 (2), supra. Furthermore, in the case sub judice, since the existence and terms of this oral agreement are not disputed by the attorneys, that settlement agreement is enforceable and 'the client is bound by its terms even in the absence of a writing or detrimental reliance on the part of the opposite party.' *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (2), 676-677, supra. Compare *LeCroy v. Massey*, 185 Ga. App. 828, 829 (366 SE2d 215), where '(t)hree of the six attorneys involved swore that there was a settlement agreement (and) three swore that there was not.' " *Penny Profit Foods v. McMullen*, 214 Ga. App. 740, 741 (2) (448 SE2d 787).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED FEBRUARY 6, 1996 —
RECONSIDERATION DISMISSED MARCH 1, 1996.

*Paul T. Wright*, for appellant.
*Wm. Morgan Akin*, for appellees.