## A96A1186. BALLARD v. WILLIAMS.
### (476 SE2d 783)

RUFFIN, Judge.

We granted John Kenneth Ballard's application for interlocutory appeal to consider whether the trial court erred in denying his motion to enforce settlement. In the underlying action, Williams sued Ballard to recover for injuries he allegedly sustained in an automobile accident with Ballard. Ballard raised the settlement agreement in his answer and subsequently filed a motion to enforce settlement. The trial court denied Ballard's motion. In Ballard's sole enumeration of error, he contends that the trial court erred in denying his motion to enforce settlement. We agree.

The issues raised in this appeal are analogous to those in a motion for summary judgment. *Southern Med. Corp. v. Liberty Mut. Ins. Co.*, 216 Ga. App. 289, 291 (454 SE2d 180) (1995). "Our review is de novo. [Cit.]" *Bandy v. Mills*, 216 Ga. App. 407 (454 SE2d 610) (1995). To prevail, a party must show "the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the plaintiff's case." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

In support of his motion to enforce settlement, Ballard filed an affidavit of Regina Bacon, a claims examiner for his insurer, Government Employees Insurance Company ("GEICO") and a letter from attorney Steve F. Freedman, Williams' original counsel. Bacon testified that on September 13, 1993, she made an offer to settle the claim

for $1,200 which was accepted by Freedman on behalf of his client. A review of the record does not indicate whether the offer was made orally or in writing.

Subsequently, GEICO received the letter from Freedman dated January 13, 1994, which stated that "at the time we negotiated the settlement of this claim, I had obtained authorization from Mr. Williams. Opon [sic] our receipt of the settlement paperwork, we had an enormous amount of difficulty in contacting Mr. Williams. Letters were sent and phone calls made and messages left to no avail. Finally, Mr. Williams was contacted and he stated he would come to our office to execute the paperwork. Three letters later . . . and Mr. Williams has still not been to our office." The letter further stated that "we advised that as a result of his continuing lack of cooperation we would have no other choice but to return the settlement paperwork and resign [from] his case. . . ."

In response to Ballard's motion, Williams argued that Ballard presented no evidence that Williams' attorney had authority to settle. He further contended that the affidavit contained only legal conclusions and no facts. According to Williams, the record does not support the existence of a settlement agreement and does not support a finding that the settlement agreement is enforceable. Williams' argument is simply without merit. Contrary to Williams' assertion, Bacon's affidavit recites the facts surrounding the settlement and does not contain legal conclusions.

Williams has not denied the contentions made by his former attorney by affidavit, but rather seems to argue that although there appeared to be ongoing negotiations, the settlement was not final. He argues that "Appellee's former attorney could not have settled this claim because he did not consult with Appellee about the specific offer of settlement at the time the offer was made." However, he provides no evidence to support his contention, nor does he cite any portions of the record in his brief.

"Under Georgia law an attorney of record has apparent authority to enter into an agreement on behalf of his client and the agreement is enforceable against the client by other settling parties. Ordinarily, for an attorney to bind his client to a settlement agreement where there is a dispute as to terms, the agreement must be in writing." (Citations and punctuation omitted.) *Tidwell v. White*, 220 Ga. App. 415, 417 (2) (469 SE2d 258) (1996). See also *Penny Profit Foods v. McMullen*, 214 Ga. App. 740, 741 (2) (448 SE2d 787) (1994). The writing requirement may be satisfied by letters or documents prepared by the attorneys showing the terms of the agreement. Id. "A party's denial that an agreement was reached is, however, immaterial where it is undisputed that the attorney for the party denying the agreement communicated acceptance of the settlement offer."

(Citations and punctuation omitted.) Id. at 742.

The letter of Williams' former attorney stated that a settlement had been reached and that he had authority to settle the claim. The letter was enough to satisfy the writing requirement that an agreement had been reached. Additionally, Freedman stated in his letter that Williams was contacted and agreed to execute the paperwork, but never did. This Court has held that "the parties' failure to follow through with the agreement [does not] negate the existence of the agreement or render it unenforceable." *Commercial Union Ins. Co. v. Marco Transp. Co.*, 211 Ga. App. 844, 845 (1) (440 SE2d 730) (1994).

"In this case, when [Freedman] acted on [Williams'] behalf he believed he had received settlement authority from [Williams] and as he later [indicated in a letter], he had been in . . . contact with his client[, who agreed to execute the agreement]. The fact that [Williams] later had a change of heart is irrelevant as to whether on [September 13, 1993], [Freedman] had settlement authority." *Tranakos v. Miller*, 220 Ga. App. 829, 833-834 (470 SE2d 440) (1996). Furthermore, the record is devoid of any evidence that GEICO was made aware that Freedman lacked the requisite authority to settle. This Court has held that where the opposing party has no "knowledge of express[ed] restrictions on an attorney's authority, the opposing party may deal with the attorney as if with the client, and the client will be bound by the acts of his attorney within the scope of his apparent authority." (Citation and punctuation omitted.) Id. at 834 (1). Accordingly, we find that the trial court erred in denying Ballard's motion to enforce settlement.

*Judgment reversed. McMurray, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 26, 1996 — 

*Alvin L. Bridges, Jr., Robert A. DeMetz*, for appellant.
*Potts & Badaruddin, James H. Potts II*, for appellee.