## A02A2068. WALLS v. WALLS.
(580 SE2d 564)

BARNES, Judge.

Ben David Walls ("B. D. Walls") appeals the grant of Herman Ashley Walls's ("H. A. Walls") motion to enforce a settlement. The parties are first cousins.

H. A. Walls filed a complaint for equitable relief and damages to resolve a dispute that had arisen with B. D. Walls over a mobile home park they were operating under a partnership agreement. The partnership operated for several years until B. D. Walls gave notice to H. A. Walls that he was taking physical and financial control of the business. This action led to H. A. Walls's lawsuit. B. D. Walls answered the complaint denying liability.

The only issue before us is whether the parties reached an enforceable settlement of their dispute. H. A. Walls asserts that they did, and moved below to enforce the settlement.

According to H. A. Walls's affidavit in support of that motion, the parties and counsel agreed that H. A. Walls should receive from B. D. Walls one-half the profits from the mobile home park for his life expectancy as determined from the annuity mortality table. The profits would be determined from the full rental income from the park less a designated amount for expenses. This amount would be $667.50 for each month of his life expectancy or a total of

---

$196,885.80. This figure would be reduced to present value by an accountant using the rate of seven percent per year, and an amount for indebtedness of $19,023 would be subtracted from the present value of the amount due H. A. Walls under the settlement.

According to this affidavit, all the terms of the settlement were agreed upon, and no issue was left unresolved, except for an accountant to determine the present value of the settlement. After the total amount was reduced to present value by an accountant and the indebtedness was subtracted, the amount due H. A. Walls would be $75,377.21.

H. A. Walls's affidavit further states that B. D. Walls was aware of all the terms of the settlement and consented to them in the presence of H. A. Walls, H. A. Walls's wife, and counsel for both parties. Linda K. Walls, the wife of H. A. Walls, also submitted an affidavit that confirmed her husband's affidavit.

H. A. Walls also submitted an affidavit from Dwayne H. Gillis, the attorney who represented B. D. Walls at the time of the settlement. The affidavit recited facts confirming the settlement terms set out above in H. A. Walls's affidavit, and further recites that B. D. Walls was aware of the settlement formula and consented to all the terms. The affidavit also states that "[a]t a calendar call subsequent to the settlement, this case was announced by Affiant and Plaintiff's attorney as settled, pending the figures from the Plaintiff and an opportunity for Defendant to have same reviewed."

B. D. Walls, however, denies that a settlement was reached. His response to the motion contends that, although a settlement was discussed, no settlement was reached because the specific terms of the settlement had not been agreed upon. Attached to the response was an unsworn copy of a letter that B. D. Walls sent to his first attorney terminating that attorney's employment and stating that he never agreed to settle the case. These statements were later confirmed in an affidavit from B. D. Walls stating that "no settlement [was] agreed upon concerning [this] case that I consented to. I appeared for depositions . . . and a settlement formula had been discussed, but I did not agree to all of the specifics." B. D. Walls's former attorney submitted a second affidavit to "clarify" his previous affidavit. He stated that it was his "recollection that the parties agreed upon a settlement formula. Once this had been done this figure was to be reduced to present value minus the present debt. The present value figure had not been determined at the settlement conference."

Later, this attorney submitted yet a third affidavit. This affidavit recited that he had been again contacted by B. D. Walls's current counsel, and that,

[u]pon reflection, the settlement amount once agreed upon, had to be paid over a period of time. A payment plan was to

be agreed upon once a final figure was determined. It is my recollection that the income from the property was just covering the debts and payments thereon. There was not to be a judgment for a set amount without an agreed upon payment plan or otherwise the Plaintiff's [sic] property would be subject to sale for payments of the judgment. No payment could have been initiated until at least one of the notes on the property had been paid off. Also, the payment amount and terms thereof were to be agreed upon once the original figure had been resolved. The present value calculation was to be obtained by counsel for the Plaintiff the following week. After I did not hear anything from Plaintiff's counsel, I called at least twice over the next couple of months inquiring about it. I did not receive the present value calculation until August 2001, after I had withdrawn from the case and had been appointed to the bench.

The trial court issued an order granting the motion and finding as a matter of fact that the terms of the settlement had been agreed upon and that, under those terms, H. A. Walls was entitled to a judgment for $75,377.21. Thereafter, the court entered judgment in favor of H. A. Walls for $75,377.21. This appeal followed.

On appeal, B. D. Walls asserts that the trial court erred by enforcing the settlement because all of the terms had not been agreed upon. For the reasons that follow, the trial court must be reversed.

Because the trial court decided this case on motion and not by bench trial,

[t]he issues raised in this appeal are analogous to those in a motion for summary judgment. Our review is de novo. To prevail, a party must show the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the [appellant's] case.

(Citations and punctuation omitted.) *Ballard v. Williams*, 223 Ga. App. 1 (476 SE2d 783) (1996). Under our law,

an attorney of record has apparent authority to enter into an agreement on behalf of his client and the agreement is enforceable against the client by other settling parties. Ordinarily, for an attorney to bind his client to a settlement agreement where there is a dispute as to terms, the agreement must be in writing.

(Citation and punctuation omitted.) Id. at 2. This is not a case in

which the attorney contends that he settled the case with the authority from the client and the client denies such authority. See *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (308 SE2d 544) (1983). The issue here is whether a binding agreement on all the terms of the settlement existed at all.

Although a party's denial that an agreement was reached is immaterial when it is undisputed that the party's attorney communicated his acceptance of the settlement offer, *Tidwell v. White*, 220 Ga. App. 415, 417-418 (469 SE2d 258) (1996), in this case, B. D. Walls contended, and his former attorney finally confirmed, that no agreement had been reached on all the terms of the settlement. As the existence of the agreement is hotly contested in this case, and no writings establish the agreement, the agreement cannot be enforced. "[W]here the very existence of the agreement is disputed, it may only be established by a writing." *LeCroy v. Massey*, 185 Ga. App. 828, 829 (366 SE2d 215) (1988). Although "letters or documents prepared by attorneys which memorialize the terms of the agreement reached will suffice," *Brumbelow*, supra at 676, in this case no such documents exist. Further, a disagreement exists, even between the attorneys, on whether the parties had reached agreement on all the terms of the settlement.

Therefore, we must find that the trial court erred by granting the motion to enforce the settlement.

*Judgment reversed. Adams, J., concurs. Ruffin, P. J., concurs in the judgment only.*

DECIDED MARCH 5, 2003 —
RECONSIDERATION DENIED MARCH 31, 2003 —

*Joseph E. East*, for appellant.
*Douglas W. Mitchell III*, for appellee.

