**FIRST DIVISION
ELLINGTON, C. J.,
PHIPPS, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 3, 2013**

# In the Court of Appeals of Georgia

A13A0209. ANDERSON v. ATLANTA INDEPENDENT SCHOOL    JE-011
    DISTRICT.

ELLINGTON, Chief Judge.

Winnie Anderson, a former employee of the Atlanta Public Schools (formally known as the Atlanta Independent School District) ("the district"), brought this breach of contract action against the district in the Superior Court of Fulton County. Days before a trial was scheduled to commence, the parties' counsel of record reached a settlement in principle, and so advised the trial court. Over the next two weeks, the parties exchanged drafts of a Release Agreement; the district accepted Anderson's final proposed changes on or about November 11, 2009. Months later, the trial court entered the following order: "The Court, having been advised by Counsel that [Anderson's] action has been settled [in principle], hereby order that this action

shall stand dismissed within 30 days of this date unless either party, with good cause, moves that this action should not be dismissed, but should be allowed to proceed upon such basis as is shown in said motion if so ordered by this Court."

Within 30 days of that order,[1] Anderson moved that her action should not be dismissed, asserting that her attorneys lacked her authority to settle her claims, and she sought to proceed to a resolution of the merits of her suit. In response, the district moved to enforce the settlement. Finally, the trial court entered the appealed order, which granted the district's motion to enforce the settlement, based on the absence of any evidence that Anderson limited her counsel's apparent authority to settle her claims or that her counsel communicated to the district's counsel any such limitation of their authority.[2] The trial court did not recite the terms of the settlement agreement

---

[1] Following the trial court's conditional dismissal order, the trial court permitted Anderson's attorneys of record to withdraw, and new counsel filed Anderson's motion.

[2] Under Georgia law,
an attorney of record has apparent authority to enter into an agreement on behalf of his client[.] . . . The authority may be considered plenary unless it is limited by the client and that limitation is communicated to opposing parties. Therefore, from the perspective of the opposing party, in the absence of knowledge of express restrictions on an attorney's authority, the opposing party may deal with the attorney as if with the client, and the client will be bound by the acts of his attorney within the scope of his apparent authority. The client's remedy, where there have

2

in the final order, but attached the draft Release Agreement first proposed by Anderson's counsel.[3] It is undisputed that, as finally accepted by the district, the settlement agreement had been revised, inter alia, to exclude, from the parties whom Anderson released from her claims, the Teachers Retirement System of Georgia and to omit any release by the district. See *Torres v. Elkin,* 317 Ga. App. 135, 140-141 (2) (730 SE2d 518) (2012) ("[S]ettlement agreements must meet the same requirements of formation and enforceability as other contracts. Thus, an answer to an offer will not amount to an acceptance, so as to result in a contract, unless it is unconditional and identical with the terms of the offer. The offer must be accepted unequivocally and without variance of any sort. [When] a purported acceptance of [a] settlement

---

been restrictions not communicated to the opposing party, is against the attorney who overstepped the bounds of his agency, not against the third party.

(Citations, punctuation, and footnote omitted.) *Brumbelow v. Northern Propane Gas,* 251 Ga. 674, 674-675 (308 SE2d 544) (1983).

[3] We note that the trial court indicated that "[the] Defendant[, that is, the district,] moved for attorney fees for bringing this motion [to enforce the settlement]" and that it reserved ruling on the district's motion for attorney fees. Although the district asked that "the costs of bringing this motion [to enforce settlement] be taxed against [Anderson,]" we find no such formal motion for attorney fees in the appellate record.

offer imposes any new conditions, it constitutes a counteroffer rather than an acceptance.") (punctuation and footnotes omitted).

Because the trial court failed to specify the terms of the Release Agreement in its final judgment, and attached only an offer of settlement that had been rejected when the system counter-offered, we are unable to perform any meaningful appellate review of the propriety or the effect of the court's final judgment. Accordingly, the judgment is vacated, and this case is remanded to the trial court for the necessary clarification of its judgment.

*Judgment vacated and case remanded. Phipps, P. J., concurs. Branch, J., concurs in judgment only.*