35 F.3d 516
 Karen BLACK; Ronald Brock; Rick Grayson; Glenda Phillips;
Chet Gallagher; Joseph Foreman; Gary McCullough; Louis
Vasquez; Robert Roethlisberger; Dale Kahl; John Stetzer;
Dena Neihouse; Carolyn Brice; George Caldwell; Mary
Marshall; Dan Rosenblit; Jonathan Thoburn; Bryan
Longworth; Raul Eugene Scott Hanson; Virginia K. Dyer;
Carolyn Kinsey; Daphne Holcomb; Suzanne Marie Yingst;
Connie Lee Garrett, Plaintiffs-Appellees,
v.
CITY OF ATLANTA; Darrell L. Williams, Police Officer, in
his official and individual capacities; Jerry E. Price,
Police Officer, in his official and individual capacities;
A.E. Armstrong, Police Officer, in his official and
individual capacities; D. Marcus, Police Officer, in his
official and individual capacities; J.R. Freeman,
Defendants-Appellants,
John Doe, 1-25, Defendant.
 No. 93-9043.
 United States Court of Appeals,
Eleventh Circuit.
 Oct. 13, 1994.
 
 Amy R. Snell, June D. Green, Overtis Hicks Brantley, Willie J. Lovett, Jr., City of Atlanta Law Dept., Atlanta, GA, for appellants.
 Andrew J. Ekonomou, Howell A. Hall, Boyce, Ekonomou & Atkinson, Atlanta, GA, Jay Alan Sekulow, James Henderson, Sr., The American Center for Law & Justice, Washington, DC, J. David Etheriedge, American Center for Law & Justice, Decatur, GA, for appellees.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before DUBINA, Circuit Judge, HENDERSON, Senior Circuit Judge, and SIMONS*, Senior District Judge.
 PER CURIAM:
 
 
 1
 CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO ARTICLE VI SECTION VI PARAGRAPH IV OF THE GEORGIA CONSTITUTION, O.C.G.A. Sec. 15-2-9, AND RULE 37 OF THE SUPREME COURT OF GEORGIA.
 
 
 2
 TO THE SUPREME COURT OF GEORGIA AND THE HONORABLE JUSTICES THEREOF.
 
 
 3
 The appellants, the City of Atlanta and several of its police officers (collectively, the "City"), appeal to this court from the denial by the United States District Court for the Northern District of Georgia of their motion to set aside a consent order which would have ended the litigation in this action brought pursuant to 42 U.S.C. Sec. 1983 and raising pendent state law causes of action. Because the resolution of the appeal turns on an unanswered question of Georgia law, we defer our decision pending certification of the issue to the Supreme Court of Georgia.
 
 
 4
 This lawsuit was filed in 1991 by the plaintiffs, pro-life advocates who were arrested by City police officers for disorderly conduct during a demonstration outside the Feminist Women's Health Center in Atlanta, Georgia. Prior to trial, which was scheduled to begin on May 25, 1993, the parties entered into a settlement agreement providing for the payment of damages to the plaintiffs in the amount of $37,500.00.[1] The stipulation also included understandings concerning the conduct of the police with respect to the future activities of the plaintiffs and mandated that the police department's field manual and training program be revised to reflect these changes. A consent order delineating the terms of the settlement was signed by counsel for the parties and entered by the district court on May 26, 1993.
 
 
 5
 On June 25, 1993, the City filed a motion to set aside the consent order on the ground that its attorneys[2] were without authority to bind the municipality to the agreement, which had not been authorized by the City Council as required by City ordinance.[3] The ordinance in issue states that "[t]he city attorney shall have authority, without approval of the council, to settle all claims and suits for sums not to exceed $500 in each instance. Settlement of claims and suits in excess of $500 shall first be approved by the council." Code of Ordinances of the City of Atlanta, Georgia, Sec. 4-2007 (see certified copy, R3-60). The City acknowledged that this restriction on its attorneys' authority was never communicated to the plaintiffs during the course of their negotiations. It contended that defense counsel felt it was unnecessary to inform the opposing parties because it was assumed that the plaintiffs were aware of the limitation and that the City Council would adopt the recommendation to settle by its duly appointed attorneys. As additional support for its motion to vacate the consent order, the City cited O.C.G.A. Sec. 45-6-5, which provides that the "[p]owers of all public officers are defined by law and all persons must take notice thereof. The public may not be estopped by the acts of any officer done in the exercise of an unconferred power."
 
 
 6
 In response, the plaintiffs maintained that, contrary to defense counsel's assumption, they did not know of the directive contained in Sec. 4-2007.[4] In addition, they argued that, under Georgia law, an attorney's apparent authority to settle a case may be considered plenary by the court and opposing parties unless it is expressly circumscribed by the client and such limitation is communicated to the opposing parties. Brumbelow v. Northern Propane Gas Co., 251 Ga. 674, 308 S.E.2d 544 (1983); see also O.C.G.A. Sec. 15-19-5 (attorneys have authority to bind their clients by written agreement in any cause of action or proceeding). They contended, therefore that they were entitled to assume that the City's attorneys had obtained whatever approval was necessary prior to concluding the settlement. The district court agreed with the plaintiffs and denied the City's motion to set aside the consent order.
 
 
 7
 This case, as opposed to Brumbelow, which involved private individuals, presents a unique set of facts in which the City attorneys' apparent authority to settle the case on behalf of the municipal corporation was expressly restrained by ordinance, but the attorneys failed to specifically communicate such an impediment to the opposing parties. The parties have not cited, and we are unaware, of any Georgia cases that have construed an attorney's authority to bind his client under this set of circumstances. We therefore submit the following question for consideration by the Supreme Court of Georgia.
 
 
 8
 Does an express restriction on a City attorney's right to settle a cause of action, embodied in a municipal ordinance, which is not specifically communicated by the City or its attorney to an opposing party, circumscribe the City attorney's apparent authority to bind his client to a settlement agreement?
 
 
 9
 Nothing in this certification, including the particular phrasing of the foregoing question, is intended to limit the Supreme Court of Georgia in its consideration of the problem presented. See Polston v. Boomershine Pontiac-GMC Truck, Inc., 952 F.2d 1304, 1310-11 (11th Cir.1992). The entire record in this case, together with copies of the parties' briefs, shall be transmitted by the clerk of this court to the Supreme Court of Georgia.
 
 
 10
 IT IS SO ORDERED.
 
 
 
 *
 Honorable Charles E. Simons, Jr., Senior U.S. District Judge for the District of South Carolina, sitting by designation
 
 
 [1]
 The City's brief filed in support of the motion to set aside the consent order states that settlement discussions began after a pretrial conference held on May 17, 1993. The plaintiffs' brief in opposition asserts that the pretrial conference took place on May 13, 1993 and that consensus was reached on May 20, 1993. The district court's order indicates that the agreement was concluded "[o]n the eve of trial." (R3-62-1)
 
 
 [2]
 Two assistant City attorneys executed the consent order
 
 
 [3]
 On June 21, 1993, the City Council rejected a resolution which would have authorized the City attorney to settle all claims arising out of this case. (See R3-56, Exhibit B)
 
 
 [4]
 The district court, evidently, was also unaware of any obstacle to settlement presented by the ordinance