United States Court of Appeals,

Eleventh Circuit.

No. 93-9043.

Karen BLACK; Ronald Brock; Rick Grayson; Glenda Phillips; Chet Gallagher; Joseph Foreman; Gary McCullough; Louis Vasquez; Robert Roethlisberger; Dale Kahl; John Stetzer; Dena Neihouse; Carolyn Brice; George Caldwell; Mary Marshall; Dan Rosenblit; Jonathan Thoburn; Bryan Longworth; Raul Eugene Scott Hanson; Virginia K. Dyer; Carolyn Kinsey; Daphne Holcomb; Suzanne Marie Yingst; Connie Lee Garrett, Plaintiffs-Appellees,

v.

CITY OF ATLANTA; Darrell L. Williams, Police Officer, in his official and individual capacities; Jerry E. Price, Police Officer, in his official and individual capacities; A.E. Armstrong, Police Officer, in his official and individual capacities; D. Marcus, Police Officer, in his official and individual capacities; J.R. Freeman, Defendants-Appellants,

John Doe, 1-25, Defendant.

Aug. 16, 1995.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:91-01705-CV-MHS), Marvin H. Shoob, Judge.

Before DUBINA, Circuit Judge, HENDERSON, Senior Circuit Judge, and SIMONS[*], Senior District Judge.

PER CURIAM:

This appeal grows out of a lawsuit filed by pro-life demonstrators after they were arrested by City of Atlanta ("City") police officers for disorderly conduct near the Feminist Women's Health Center, a clinic located within the City limits where abortions are performed. The plaintiffs alleged causes of action for damages, as well as injunctive and declaratory relief, against the City and several of its law enforcement officers pursuant to

_____

[*]Honorable Charles E. Simons, Jr., Senior U.S. District Judge for the District of South Carolina, sitting by designation.

the provisions of 42 U.S.C. § 1983 and Georgia law. On the eve of trial, counsel for the parties reached an agreement in settlement of the plaintiffs' claims. Based on that agreement, the United States District Court for the Northern District of Georgia entered a consent order which incorporated the terms of the stipulation. The City afterwards moved to set aside the consent order on the ground that its attorneys lacked the authority to bind the municipality to the agreement without the prior approval of the City Council. The primary focus of the objection was the provision for payment of monetary damages to the plaintiffs in the amount of $37,500.00. The district court denied the City's motion and it appealed. After oral argument, we concluded that the merits of the appeal were governed by an unanswered question of Georgia law. Consequently, we certified the following question to the Supreme Court of Georgia:

> DOES AN EXPRESS RESTRICTION ON A CITY ATTORNEY'S RIGHT TO SETTLE A CAUSE OF ACTION, EMBODIED IN A MUNICIPAL ORDINANCE, WHICH IS NOT SPECIFICALLY COMMUNICATED BY THE CITY OR ITS ATTORNEY TO AN OPPOSING PARTY, CIRCUMSCRIBE THE CITY ATTORNEY'S APPARENT AUTHORITY TO BIND HIS CLIENT TO A SETTLEMENT AGREEMENT?

*Black v. City of Atlanta,* 35 F.3d 516, 518 (11th Cir.1994) ("*Black I* ").[1]

The Supreme Court of Georgia has now answered the question in the affirmative, holding that public sector attorneys are public officers within the meaning of O.C.G.A. § 45-6-5.[2] *City of Atlanta*

---

[1] Our earlier opinion contains a more detailed statement of the relevant facts and proceedings, which need not be repeated here.

[2] O.C.G.A. § 45-6-5 provides that the "[p]owers of all public officers are defined by law and all persons must take notice

*v. Black,* 265 Ga. 425, 457 S.E.2d 551, 552 (1995) ("*Black II* ").
The plaintiffs accordingly had a duty under Georgia law to apprise
themselves as to the scope of the City attorneys' capacity to bind
the municipality to the settlement contract, and failed to do so "
"at their peril.' "  *Id.* (quoting *Penitentiary Co. v. Gordon,* 85
Ga. 159, 11 S.E. 584, 586 (1890)) (emphasis deleted).  The state
court held moreover, citing O.C.G.A. § 1-3-6,[3] that the plaintiffs
were presumptively charged with knowledge of a municipal ordinance
which proscribed the City's attorneys from settling any monetary
claim in excess of $500.00 without first obtaining City Council
approval.  *Id.* 11 S.E. at 552-53.  The court concluded that,
because   of   these   restrictions   on   the   power   "of   the
attorney-as-public-officer," the Georgia law governing the ability
of private sector attorneys to bind their clients, upon which the
district court relied, did not apply.  *Id.* 11 S.E. at 553.

In light of the opinion of the Supreme Court of Georgia, we
REVERSE the district court's order denying the appellants' motion
to set aside the consent decree and REMAND the case to the district
court for a trial on the merits.[4]

---

thereof.  The public may not be estopped by the acts of any
officer done in the exercise of an unconferred power."

[3]O.C.G.A. § 1-3-6 states that "the laws of [Georgia] are
obligatory upon all the inhabitants thereof.  Ignorance of the
law excuses no one."

[4]Of course, our ruling does not preclude the parties from
concluding a settlement agreement consistent with the decision of
the Supreme Court of Georgia in *Black II.*