## S93A1673. RAY v. RAY.

(438 SE2d 78)

HUNSTEIN, Justice.

This is an appeal by appellant-husband in a domestic relations case from a grant of a motion to enforce a settlement agreement not executed by appellant.

Appellee initiated divorce proceedings in July 1992. During the time period which followed, the parties entered into settlement negotiations which culminated when counsel for both parties acknowledged that they had achieved settlement on all issues. As a result of this understanding between counsel, appellee's counsel, on March 4, 1993, forwarded a written agreement to opposing counsel incorporating the final revisions discussed between them. Appellant subsequently refused to sign the agreement and appellee thereafter moved the court to enforce the settlement. Appellant obtained new counsel and filed an affidavit in response to the motion, averring that the agreement failed to resolve certain issues and that other portions of the agreement were unclear and did not reflect his understanding of what was negotiated or discussed. During the course of cross-examination of appellant's former counsel at the hearing on the motion to enforce settlement, the following colloquy regarding the March 4, 1993 agreement transpired: "[Appellee's counsel]: And you indeed received what has been marked as Plaintiff's Exhibit No. 3 which included the final terms agreed to by our clients? [Response]: Correct. The terms were agreed to, you and I agreed to." The trial court granted the motion to enforce, concluding a meeting of the minds as to all issues existed which was memorialized in the written agreement submitted to appellant's counsel on March 4, 1993. We granted discretionary review to determine whether the agreement at issue consti-

tutes an unenforceable oral settlement pursuant to *Abrams v. Abrams*, 262 Ga. 170 (416 SE2d 88) (1992).

Appellant contends that the settlement is unenforceable because a dispute exists as to the existence of the agreement and its essential terms. We disagree. That the attorneys in the present case had reached an agreement is without doubt based on the quoted colloquy. "An attorney has apparent authority to enter into a binding agreement on behalf of a client. [Cits.]" *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674, 676 (308 SE2d 544) (1983). "[L]etters or documents prepared by attorneys which memorialize the terms of the agreement reached will suffice." Id. Thus, appellee's motion to enforce settlement was properly granted under the circumstances regardless of whether appellant signed the agreement. *Abrams v. Abrams*, supra, is inapposite as the question addressed in that case was whether an oral settlement agreement was enforceable where the existence of the agreement could not be established without dispute.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 10, 1994.

*Frankel, Hardwick, Tanenbaum & Fink, Barry B. McGough,* for appellant.
*Alston & Bird, Susan B. Devitt,* for appellee.