## A07A2221. SHIRLEY v. ABSHIRE.
(655 SE2d 694)

JOHNSON, Presiding Judge.

Curtis Shirley appeals from a superior court order holding him in contempt for failing to comply with a verbal order purporting to modify a child visitation provision. Because the trial court's finding of contempt was based upon a violation of a verbal order which had not been reduced to writing, signed and filed, the contempt order must be reversed.

When Curtis Shirley and Nichole Abshire divorced in 2003, they were given joint legal and physical custody of their two minor children. Abshire was awarded primary physical custody of both children. Under the divorce decree, visitation generally began at 6:00 p.m.

Shirley later petitioned for a modification of custody. After a hearing in November 2006, the trial court awarded each parent primary physical custody of one of the children. The order, which was signed and filed on January 11, 2007, nunc pro tunc to November 16, 2006, provided that visitation would begin at 6:00 a.m. on the designated days.

In February 2007, Abshire filed a motion for contempt alleging that she was denied visitation during the Christmas holiday of 2006. In its written order finding Shirley in contempt, the trial court stated:

> The Court's recollection and that of [Abshire's] counsel is that the Court verbally instructed the parties through their counsel during a telephone conference call in December 2006 that the exchange was to take place at 5:45 a.m. The written order entered in this case in January of 2007, made nunc pro tunc to November 2006, set the exchange time at 6:00 a.m. However, the Court recalls instructing the parties' counsel that the time was to be 5:45 a.m. [Shirley] has contended and presented evidence that he appeared with the child and was at the exchange location at least at 6:00 a.m. Leaving aside that fact however, and even assuming it to be true, the Court finds that the verbal instruction of 5:45 a.m. to counsel for each party was not complied with by [Shirley], and this was not the fault of [Abshire], even though [Shirley], through his counsel, was aware of [Shirley's][1] problem with travel which resulted in the Court's moving the time up from 6:00 a.m. to 5:45 a.m. on December

---

[1] The court likely meant "Abshire" or Defendant, rather than "Shirley" or Plaintiff.

16, 2007 [sic]. The Court finds [Shirley] in contempt of the Court's verbal order and instruction to exchange the minor child at 5:45 a.m.

The trial court ordered Shirley to pay Abshire's travel expenses for the December 2006 visitation as well as her attorney fees. We granted Shirley's application for discretionary review of that order.

OCGA § 9-11-58 (b) provides that, unless the court otherwise directs, no judgment shall be effective for any purpose until it has been signed by the judge and filed with the clerk. Until an order is signed by the judge and filed, it is ineffective for any purpose.[2] In other words, *"[w]hat the judge orally declares is no judgment until it has been put in writing and entered as such."*[3] Accordingly, the trial court erred in holding Shirley in contempt of a verbal modification order which had not been reduced to writing, signed by the judge and filed with the clerk.[4]

*Judgment reversed. Phipps and Mikell, JJ., concur.*

DECIDED DECEMBER 10, 2007.

*Stockton & Rickman, Brian M. Rickman*, for appellant.
*David A. Powell*, for appellee.

---

[2] *In re Tidwell*, 279 Ga. App. 734, 739 (1) (b) (632 SE2d 690) (2006) (reversing a finding of contempt to the extent that it was based upon a violation of the court's verbal order).

[3] (Citation and punctuation omitted; emphasis in original.) Id.

[4] See *Huffman v. Armenia*, 284 Ga. App. 822, 826 (2) (645 SE2d 23) (2007) (contempt order reversed where appellant was found in contempt of TRO for filing bankruptcy petition after court issued verbal ruling but had not issued written TRO).