## A08A1682. STEWART et al. v. TRICORD, LLC et al.
## A08A2281. CHARLIE MOUNTAIN WATER, LLC
## v. STEWART et al.

(676 SE2d 229)

BARNES, Judge.

These appeals involve a long-running rancorous dispute between property owners and the now-former owners of the system supplying water to those properties. In Case No. A08A1682, Dugald Stewart, Bruce Adams, and Raymond Giornelli appeal the trial court's decision not to award them attorney fees. In Case No. A08A2281, Charlie Mountain Water, LLC, appeals the trial court's order finding it in contempt and ordering it to pay a fine of $14,600. We affirm the trial court's denial of attorney fees and finding of contempt, but reverse the imposition of the fine.

Stewart, Adams, and Giornelli ("plaintiffs") sued Charlie Mountain Water ("CMW") and related entities seeking both a declaratory judgment that they did not have to sign a service agreement to obtain water and a temporary order restraining CMW from shutting off their water, and alleging fraud. The defendants denied liability, and eventually the trial court appointed a special master to hear the issues. At a hearing before the special master on June 21, 2006, the parties reached a written agreement, and the trial court signed a consent order on July 27, 2006, adopting the terms of the agreement. The order was filed on September 1, 2006.

On September 25, 2006, the plaintiffs filed a motion for contempt, asserting that the defendants had failed to abide by the terms of the agreement and seeking attorney fees for the contempt action. The plaintiffs contended that CMW had improperly amended its rules and regulations, refused to accept payment, would not participate in dispute resolution, and disconnected their water supply. On October 4, 2006, the plaintiffs filed a new civil action titled "Petition for Temporary Restraining Order/Injunctive Relief and Petition for Contempt Filed in the Alternative," raising the same contempt grounds and seeking a temporary restraining order directing CMW to reconnect their water and enjoining them from disconnecting it again.

On October 16, 2006, the trial court issued an order in the second civil action directing CMW to turn on the water for each plaintiff, and directing that the fees plaintiffs had paid into the court registry be paid to CMW, "subject to the rights of the plaintiffs to challenge the reasonableness of the restated rules and regulations ... as provided by the Court's order" signed on July 27 and filed on September 1, 2006. CMW filed a cross-motion for contempt on October 27, 2006 in the first civil action and sought attorney fees

under OCGA § 9-15-14, arguing that the plaintiffs misrepresented facts in their contempt motions and otherwise breached the agreement.

The two civil actions were consolidated, and on January 9, 2007, the trial court found CMW to be in contempt of the consent order by disconnecting the plaintiffs' water and by failing to participate in dispute resolution while attempting to change the system's rules and regulations. Although the water had been reconnected, the trial court ordered CMW to pay a $250 fine to the clerk of court for disconnecting it in the first place and ordering it to pay $100 per day beginning January 12, 2007, for every day it failed to comply with the dispute resolution procedure set out in the consent order.

On January 15, 2007, CMW appealed the trial court's order of contempt, and the trial court granted the company's application for supersedeas on January 22, 2007. This court docketed the appeal on May 18, 2007, then on July 18, 2007 we granted CMW's motion to withdraw the appeal. Upon remittitur, CMW moved for a protective order relieving it from complying with the trial court's January 9, 2007 contempt order and from participating in upcoming court-ordered mediation, first because the trial court granted supersedeas during the appeal and second because it sold the water system on July 27, 2007. CMW noted that it had "complied with its duty to engage in an informal dispute resolution conference with the plaintiffs as required by the Contempt Order" by conducting a meeting on June 1, 2007, before it withdrew its appeal.

The trial court stayed the mediation and the plaintiffs moved for a hearing on their motion to hold CMW in contempt and award attorney fees. The trial court held a hearing on February 7, 2008, and issued an order on February 28, 2008, noting that it had previously found CMW in contempt but that CMW had failed to comply with its obligation to engage in an informal settlement conference until June 1, 2007. The trial court held that, because the company did not engage in dispute resolution from January 12, 2007 until June 1, 2007, it owed $14,600, but because it no longer held an interest in the system, it was relieved from further obligations under the consent order. It also denied both parties' requests for attorney fees.

1. In Case No. A08A1682, the plaintiffs, appearing pro se, argue that the trial court should have awarded them attorney fees, having found CMW in contempt twice. They argue that the trial court abused its discretion, because under OCGA § 9-15-14 (b), CMW unnecessarily expanded the proceedings, and under OCGA § 13-6-11, CMW acted in bad faith, was stubbornly litigious, and caused them unnecessary trouble and expense.

"No authority exists to award attorney fees merely because the action is for contempt," although fees may be awarded in a civil

contempt action pursuant to some express authority. *Norred v. Moore*, 263 Ga. App. 516, 518 (2) (a) (588 SE2d 301) (2003). In this case, while the plaintiffs argue that OCGA §§ 9-15-14 and 13-6-11 provide authority for an attorney fee award, neither their motion nor their petition for contempt filed in the trial court cited either statute, but only sought fees pursuant to the contempt.

A trial court may award fees on its own motion under OCGA § 9-15-14 (b) if it finds that a party brought or defended an action lacking substantial justification, which was interposed for delay or harassment, or which unnecessarily expanded the proceeding. "A prevailing party is not perforce entitled to an award of attorney fees under this statutory subsection" and a trial court need not make findings of fact in denying an award. (Citation and punctuation omitted.) *Bellah v. Peterson*, 259 Ga. App. 182 (1), (2) (576 SE2d 585) (2003) (considering denial of award under OCGA § 9-15-14 (a)). An award under OCGA § 9-15-14 (b) "is entirely within the discretion of the trial court after considering all the facts and law." (Citation and punctuation omitted.) *MARTA v. Doe*, 292 Ga. App. 532, 540 (5) (664 SE2d 893) (2008); *Doe v. HGI Realty*, 254 Ga. App. 181, 183 (561 SE2d 450) (2002).

In this case, a review of the record reveals that the history of this litigation to date has been lengthy and acrimonious, generating at least three complaints. Each side has accused the other of numerous bad acts, and the hostile tone continues in both sides' appellate briefs. The trial court considered numerous motions and pleadings and held more than three hearings, considering and rejecting both sides' requests for attorney fees in the final hearing. In light of the extensive record in both appeals, which includes a total of 14 volumes, we do not find that the trial court abused its discretion in failing to award fees on its own motion. See *Harrison v. CGU Ins. Co.*, 269 Ga. App. 549, 555 (604 SE2d 615) (2004).

2. In Case No. A08A2281, CMW first contends that the trial court erred "by confirming in the Final Order its finding that CMW was in contempt of the Consent Order." In its January 9, 2007 order, the trial court found that CMW violated the consent order by disconnecting service "and by failing to participate in the Dispute Resolution procedure during its attempt to change the Rules and Regulations," which included its attempt to raise the annual water fee. The court ordered CMW to pay a fine of $250 for turning off the water and $100 per day for each day it did not comply with the dispute resolution procedure. On February 28, 2008, the trial court found that CMW did not participate in dispute resolution until June 1, 2007. It concluded that CMW had failed to purge its previous contempt and ordered the company to pay a fine as provided in the January 2007 order.

CMW argues that in the January 2007 contempt order, the trial court misconstrued the terms of the consent order, which incorporated by reference the terms of a previous agreement. Basically, CMW argues that it did not violate the terms of the consent order because it was entitled to terminate service if its customers did not pay their bills within 30 days. It also argues that it attempted to engage in dispute resolution as required by the consent order, contrary to the trial court's findings.

(a) The standard of review from a finding of contempt varies depending on whether the punishment for the contempt is civil or criminal. A criminal contempt citation imposes unconditional punishment for prior contempt, "to preserve the court's authority and to punish disobedience of its orders." *Hopkins v. Hopkins*, 244 Ga. 66, 67 (1) (257 SE2d 900) (1979). We will affirm a criminal contempt conviction if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *In re Waitz*, 255 Ga. App. 841, 842 (567 SE2d 87) (2002). Civil contempt, on the other hand, is conditional punishment intended to coerce the contemnor to comply with the court order. *Hopkins v. Hopkins*, supra, 244 Ga. at 67. In civil contempt appeals, "[i]f there is any evidence from which the trial court could have concluded that its order had been violated, this court is without power to disturb the judgment." (Punctuation omitted.) *Parland v. Millenium Constr. Svcs.*, 276 Ga. App. 590, 591 (1) (623 SE2d 670) (2005).

In this case, the $250 fine for cutting off the plaintiffs' water supply was criminal, as it punished CMW for its past actions. The daily fine for failing to participate in dispute resolution was civil, as it was designed to coerce CMW into attending a meeting.

(b) CMW argues that the trial court erred in assessing a fine of $250 for cutting off the plaintiffs' water, contending that it had the authority to do so when the plaintiffs did not pay their water bill. The previous homeowners association agreement incorporated by reference into the consent order gave CMW the right to shut off the water if anyone did not pay the annual fee or failed to abide by the rules and regulations. But the consent order also specifically provides that customers will be given 30 days to review any changes to the rules and regulations, "including changes to rate schedules, fees and usage rules," and comment on or challenge the changes through a dispute resolution process. The order provides that after 30 days "the bills will be sent along with the Rules and Regulations and the customers will agree to be bound thereby" unless they institute a formal challenge. It makes no sense to allow a specific means for challenging rate changes in the consent order but still apply a previous agreement permitting CMW to shut off the water if a

customer does not abide by the rules. And regardless of whether CMW did or did not actually change the rules, a review of the record establishes that the plaintiffs attempted to pay several times but CMW rejected their checks for varying reasons. Having reviewed the record in its entirety, we conclude that a rational trier of fact could have found the essential elements of the criminal contempt beyond a reasonable doubt. The trial court did not err in assessing this fine against CMW.

(c) Regarding the fine of $100 per day, CMW argues that the trial court's grant of supersedeas during the company's appeal protected it from accruing the fine for not meeting with the plaintiffs. The trial court's supersedeas order provided, "Defendant Charlie Mountain Water, LLC, having filed an application for supersedeas of [the contempt] order and having fully complied with all provisions as to appeal, SUPERSEDEAS is hereby GRANTED."

Under OCGA § 15-6-9, the superior court is authorized to grant supersedeas, which "deprives the trial court of jurisdiction to take further proceedings towards the enforcement of the judgment superseded." *Tyree v. Jackson*, 226 Ga. 642 (177 SE2d 159) (1970). It "suspends all further proceedings in the suit in which the judgment superseded is rendered. . . . Under this rule, the supersedeas, during its pendency, prevents any steps to enforce or carry into effect the judgment." (Citation and punctuation omitted.) *Abney v. Harris*, 208 Ga. 184, 187 (4) (65 SE2d 905) (1951). While the appeal of the previous contempt order was pending, "[t]he trial court was without jurisdiction to consider further the question of the defendant's contempt." *Lake v. Hamilton Bank of Dalton*, 150 Ga. App. 123, 125 (257 SE2d 31) (1979); accord *Blake v. Spears*, 254 Ga. App. 21, 26 (6) (561 SE2d 173) (2002).

Once the appeal ends, the supersedeas ends. By that time, however, CMW had taken the action the trial court wanted it to, which was to meet with the plaintiffs. Because the supersedeas stayed the application of the contempt order during the appeal, the trial court erred in assessing a $14,600 fine against CMW.

(d) CMW's argument that the amount fined was incorrect is rendered moot by the preceding holding.

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 19, 2009 —
RECONSIDERATION DENIED MARCH 23, 2009.

Dugald Stewart, *pro se*.
Raymond Giornelli, *pro se*.
Bruce Adams, *pro se*.

*Little & Crumly, Jonathan D. Crumly*, for appellees.