**FIFTH DIVISION**
**DILLARD, P. J.,**
**REESE and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 23, 2017**

# In the Court of Appeals of Georgia

A16A1613. TATE v. TATE.

REESE, JUDGE.

This case arises from a complaint for modification of child support and child custody filed by Appellee Misty Tate. According to the complaint, Appellee was awarded primary physical custody of the parties' minor child, G. T., on April 7, 2004, pursuant to a final judgment and decree of divorce in Rockdale County Superior Court. Per the complaint, on March 15, 2010, the court modified custody by giving Appellant George Tate primary physical custody, pursuant to a final consent order. Appellee filed a complaint for modification of custody and child support on July 6, 2015, once again seeking primary physical custody. The trial court issued an order awarding immediate temporary custody of G. T. to Appellee, suspending Appellee's child support payments to Appellant, and instructing the parties to attend a hearing

on August 13, 2010.[1] The record does not contain a judgment ordering Appellant to pay child support or non-covered health care expenses prior to the trial court's finding of contempt. Appellant seeks review of the trial court's order holding him in contempt for failing to pay child support, non-covered health care expenses and attorney fees associated with the prosecution of contempt. For the reasons set forth, infra, we reverse.

On January 5, 2016, Appellee filed a petition of contempt, asking the trial court to hold Appellant in contempt for failing to respond to Appellant's counsel about a proposed final order to pay child support and part of the non-covered healthcare expenses of G. T., attorney fees and costs of litigation associated with bringing the contempt motion. Following a hearing on January 14, 2016, the trial court issued an order finding Appellant in contempt on January 15, 2016, nunc pro tunc to August 13, 2015.[2] On appeal, Appellant argues that the trial court erred by finding him in contempt for failing to pay child support and part of the non-covered healthcare expenses for G. T., erred in issuing the final order nunc pro tunc to August 13, 2015, and erred in awarding Appellee attorney fees.

_____

[1] The court likely meant "August 13, 2015" rather than "August 13, 2010."

[2] There is no hearing transcript in the record.

Contempt citations are criminal, civil, or both.[3] Whereas criminal contempt imposes unconditional punishment for prior acts of disobedience, "civil contempt imposes conditional punishment as a means of coercing future compliance with a prior court order."[4] A finding of criminal contempt "imposes unconditional punishment for prior contempt, to preserve the court's authority and to punish disobedience of its orders."[5] The standard of review in criminal contempt actions is, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[6] In civil contempt appeals, we will affirm, "if there is any evidence from which the trial court could have concluded that its order had been violated."[7] With these guiding principles in mind, we turn now to Appellant's specific claims of error.

---

[3] *Harrison v. CGU Ins. Co.*, 269 Ga. App. 549, 555, n. 2 (604 SE2d 615) (2004) (footnote, citation and punctuation omitted).

[4] Id. (citation and punctuation omitted).

[5] *Stewart v. Tricord, LLC*, 296 Ga. App. 834, 837 (2) (a) (676 SE2d 229) (2009) (citation and punctuation omitted).

[6] Id. (citation and punctuation omitted).

[7] Id. (citation and punctuation omitted).

3

1. Appellant asserts that the trial court erred by finding him in contempt for failure to pay Appellee $3,129.15 on or before January 14, 2016, because there was no court order requiring that he make such payments. "The question of whether a contempt has occurred is for the trial court, and its determination will be overturned only if there has been a gross abuse of discretion."[8]

The record shows that, at the time the trial court issued its final order, child support payments by Appellee were suspended and the court had not ordered Appellant to pay child support. The trial court's final order states that on August 13, 2015, during a pre-trial discussion amongst the trial court and counsel for the parties, the court provided "guidance" to counsel. Appellee contends that the parties' counsel had reached an agreement that Appellant owed Appellee $3,129.15 prior to January 14, 2016, in child support, non-covered healthcare expenses and attorney fees, thereby negating the need for a written court order. In support of this contention, Appellee attached documentation labeled "Appellee's Added R-56" and "Appellee's Added R-57" to her brief. . We are unable, however, to consider the evidence attached to the brief. "A brief cannot be used in lieu of the record or transcript for

---

[8] *In re Hughes*, 299 Ga. App. 66, 68 (2) (681 SE2d 745) (2009) (citation and punctuation omitted).

adding evidence to the record; we must take our evidence from the record and not from the briefs of either party."[9]

The cases relied upon by Appellee, as authority, are distinguishable from this action.[10] In both cases, the plaintiffs were asking the court to enforce a settlement agreement they had with the opposing parties.[11] They were not asking the court to hold the opposing parties in contempt for violating the agreements, as in this action. In the present case, the record does not show there was an oral or written agreement between the parties' counsel. Moreover, even if the parties had reached an agreement, they failed to submit it to the trial court and obtain a consent order.[12] Thus, a judge is not authorized to hold a person in contempt of a verbal ruling that has not been

---

[9] *Locke's Graphic & Vinyl Signs v. Citicorp Vendor Finance*, 285 Ga. App. 826, 827 (2) (648 SE2d 156) (2007) (footnote and punctuation omitted); see also Court of Appeals Rule 24 (g).

[10] *Ray v. Ray*, 263 Ga. 719 (438 SE2d 78) (1994); *Stone v. King*, 196 Ga. App. 251 (396 SE2d 45) (1990).

[11] See *Ray*, 263 Ga. at 719; *Stone*, 196 Ga. App. at 251.

[12] "OCGA § 9-1-58 (b) provides that, unless the court otherwise directs, no judgment shall be effective for any purpose until it has been signed by the judge and filed with the clerk. Until an order is signed by the judge and filed, it is ineffective for any purpose." *Shirley v. Abshire*, 288 Ga. App. 819 (655 SE2d 694) (2007) (footnote omitted; emphasis in original).

reduced to writing, signed by the judge, and filed with the court clerk.[13] Because there is no court order for Appellant to pay child support and part of the non-covered healthcare expenses for G. T., the trial court was not authorized to find Appellant in contempt for failure to pay. Therefore, we reverse.

2. Appellant argues that the trial court erred in ordering him to pay $1,600 to Appellee by 4:00 p.m. on January 14, 2016, to purge himself of contempt or go to jail. The record shows that $1,600 payment is part of the $3,129.15 the trial court ordered Appellant to pay Appellee as part of the finding of contempt, with the remainder of $1,529.15 to be paid in installments. In light of our finding in Division 1, supra, that the court was not authorized to hold Appellant in contempt, we reverse the payment of $1,600 to Appellee.

3. Appellant contends that the trial court erred in awarding attorney fees to Appellee for the cost of bringing the petition for citation of contempt. In its final order, the trial court awarded Appellee attorney fees for the prosecution of the contempt petition; however, no legal authority or specific findings of conduct by Appellant was given as the basis for the award of attorney fees to Appellee. In contempt actions, "attorney fees are awarded only where some express authority or

---

[13] Id.

power exists. No authority exists to award attorney fees merely because the action is for contempt."[14] Pretermitting the lack of legal authority or specific findings of conduct by Appellant to award the attorney fees, given our holding in Division 1, supra, that the court was not authorized to hold Appellant in contempt, we reverse the award of attorney fees.

4. Appellant argues that the trial court erred in issuing the final order nunc pro tunc to August 13, 2016. We agree.[15] The trial court did not rule upon the issues contained in the final order until January 15, 2016. Therefore, it may not deem such ruling as having been in effect since the previous August. Thus, based on the foregoing, we reverse.

*Judgment reversed. Dillard, P. J., and Bethel, J., concur*.

---

[14] *Minor v. Minor*, 257 Ga. 706, 709 (2) (362 SE2d 208) (1987); see *City of Cumming v. Realty Dev. Corp.*, 268 Ga. 461, 462-463 (2) (491 SE2d 60) (1997) (The grant of attorney fees was improper because the trial court's order lacked specific findings of the conduct justifying the award of attorney fees).

[15] "A nunc pro tunc entry is for the purpose of recording some action that was taken or judgment rendered previously to the making of the entry, which is to take effect as of the former date. Such an action can not be made to serve the office . . . of supplying non-action on the part of the court." *Coleman v. Coleman*, 240 Ga. 417, 418 (1) (240 SE2d 870) (1977) (citations and punctuation omitted).