**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 6, 2018**

# In the Court of Appeals of Georgia

A18A0448. NUGENT et al. v. A1 AMERICAN REFRIGERATION, LLC.

REESE, Judge.

Dorothy Nugent appeals the award of attorney fees against her, and the denial of her motion for attorney fees, in relation to a lawsuit filed against her. For the reasons set forth infra, we affirm.

The salient facts are as follows. On September 25, 2015, A1 American Refrigeration, LLC ("A1") filed suit against Nugent and Wells Fargo Bank, N.A.,[1] claiming, conversion, money had and received, fraud, negligence, breach of fiduciary duty, negligent misrepresentation, and seeking attorney fees, costs and litigation expenses, and punitive damages. Nugent filed an answer, denying A1's claims. In

---

[1] Wells Fargo Bank, N.A. is not a party to this appeal.

November 2015, Nugent sent A1 a letter, pursuant to OCGA § 51-7-84 (a),[2] seeking dismissal of the lawsuit against her. A1 responded to Nugent in December 2015, declining to dismiss the lawsuit and stating "[u]nless and until [Nugent] presents evidence which definitively establishes that A1's claims against her lack merit, there is no obligation to withdraw or dismiss said claims." In April 2016, A1 filed an amended complaint, adding a claim for prejudgment interest.

The parties engaged in discovery,[3] and, on September 30, 2016, A1 dismissed its lawsuit without prejudice. On November 14, 2016, Nugent filed a motion for attorney fees and expenses. A1 opposed the motion and filed a cross-motion for attorney fees and expenses.

---

[2] OCGA § 51-7-84 (a) states in pertinent part,
[a]s a condition precedent to any claim for abusive litigation, the person injured by such act shall give written notice by registered or certified mail or statutory overnight delivery or some other means evidencing receipt by the addressee to any person against whom such injured person intends to assert a claim for abusive litigation and shall thereby give the person against whom an abusive litigation claim is contemplated an opportunity to voluntarily withdraw, abandon, discontinue, or dismiss the civil proceeding, claim, defense, motion, appeal, civil process, or other position.

[3] No depositions are part of the appellate record.

After a hearing, the trial court denied Nugent's motion and granted A1's motion for attorney fees and expenses in the amount of $8,250 under OCGA § 9-15-14 (a) and (b).[4] Nugent filed a motion for reconsideration, which the trial court denied. We granted discretionary review.

---

[4] OCGA § 9-15-14 (a) states:
In any civil action in any court of record of this state, reasonable and necessary attorney's fees and expenses of litigation shall be awarded to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position. Attorney's fees and expenses so awarded shall be assessed against the party asserting such claim, defense, or other position, or against that party's attorney, or against both in such manner as is just.

OCGA § 9-15-14 (b) states:
The court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures available under Chapter 11 of this title, the "Georgia Civil Practice Act." As used in this Code section, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.

Subsection (a) of OCGA § 9-15-14 requires an award of attorney fees when a party asserts "a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position." Subsection (b), among other things, gives discretion to a trial court to award attorney fees when a party brings or defends an action "that lacked substantial justification."[5]

This Court will affirm an award under OCGA § 9-15-14 (a) if there is any evidence to support it, whereas we review an award under OCGA § 9-15-14 (b) for abuse of discretion.[6] With these guiding principles in mind, we turn now to Nugent's specific claims of error.

1. Nugent argues that the trial court erred by failing to identify, as the basis for the award, the specific sanctionable conduct, show the breakdown of the amount of attorney fees that were attributable to the sanctioned conduct, and provide the applicable subsection of OCGA § 9-14-15. A1 asserts that Nugent has already paid the $8,250 attorney fee award and, therefore, this appeal is moot.

---

[5] *Shiv Aban, Inc. v. Ga. Dept. of Transp.*, 336 Ga. App. 804, 814 (2) (784 SE2d 134) (2016) (citation omitted).

[6] Id. at 814-815 (2).

It is well settled that an appeal may be dismissed "[w]here the questions presented have become moot."[7] "The voluntary payment of the judgment *by an appellant* renders moot the issues sought to be determined on appeal."[8]

> As a general rule, any voluntary act by a party, with knowledge of the facts, by which he expressly or impliedly recognizes the validity and correctness of a judgment against him, will operate as a waiver of his right to bring error to reverse it, as where he receives affirmative relief under the judgment or takes a position inconsistent with his right of review.[9]

In the present case, the record does not show a payment by Nugent of attorney fees to A1. However, Nugent stated in her reply brief that she involuntarily paid A1 the attorney fees and "was compelled to pay money by the court order and by a letter written by A1's [c]ounsel, which demanded payment of the judgment immediately or threatened to impose interest in accordance with Georgia law." The trial court's order awarding attorney fees did not indicate when the award was to be paid, and neither party contests that the $8,250 award was paid to A1 by Nugent. Based on the above,

---

[7] OCGA § 5-6-48 (b) (3).

[8] *Claxton Enterprise v. Evans County Bd. of Commrs.*, 249 Ga. App. 870, 872 (1) (549 SE2d 830) (2001) (citation and punctuation omitted; emphasis in original).

[9] Id. (citation and punctuation omitted).

we find that Nugent has taken a position inconsistent with her right to appeal the trial court's $8,250 award of attorney fees.[10] Even though her filing of the notice of appeal served as supersedeas while the appeal was pending, she paid the judgment.[11] Therefore, Nugent's appeal as to this enumerated error is moot.[12]

2. Nugent asserts that the trial court erred in denying her motion for attorney fees and costs. We disagree.

An award under OCGA § 9-15-14 (b) is within the discretion of the trial court and is not automatic.[13] Further, "trial judges have broad discretion in controlling

---

[10] *Maddox v. Elbert County Chamber of Commerce*, 191 Ga. App. 478, 480 (1) (a) (382 SE2d 150) (1989) ("Acquiescence completely deprives [a party] of the right to complain further; [s]he has agreed that the trial court's ruling was correct by submitting to it.") (citations and punctuation omitted); see also *J & F Car Care Svc. v. Russell Corp.*, 166 Ga. App. 888 (305 SE2d 504) (1983) ("The principle is well established that, no matter how erroneous a ruling may be, a litigant may not submit or acquiesce in such ruling and still complain of the same.") (citation omitted).

[11] See OCGA § 5-6-46 (a).

[12] See *Imperial Body Works v. Nat. Claims Svc.*, 158 Ga. App. 241, 243 (2) (279 SE2d 534) (1981) (Finding that the Appellant's argument that it involuntarily paid a judgment unpersuasive because it failed to utilize the supersedeas automatically generated by law.).

[13] See *Coker v. Mosley*, 259 Ga. 781, 782 (2) (c) (387 SE2d 135) (1990) (Merely defending an action brought against a party is insufficient to authorize an award of legal fees under OCGA § 9-15-14.); *Stewart v. Tricord, LLC*, 296 Ga. App. 834, 836 (1) (676 SE2d 229) (2009) (The trial court did not abuse its discretion by

6

discovery, including imposition of sanctions, and appellate courts will not reverse a trial court's decision on such matters unless there has been a clear abuse of discretion."[14]

> No one is bound to forego litigation at the expense of yielding rights apparently well founded. Where there is a bona fide controversy for the tribunals to settle, and the parties cannot adjust it amicably, there should be no burdening of one with the counsel fees of the other, unless there has been wanton or excessive indulgence in litigation.[15]

The appellate record shows that in a brief time period, the parties conducted discovery and intensely litigated this matter. Based on our review of the record, the trial court did not abuse its discretion in denying Nugent's motion for attorney fees and costs.[16]

*Judgment affirmed. Barnes, P. J., and McMillian, J., concur.*

---

failing to award attorney fees under OCGA § 9-15-14 (b), although the record reflected lengthy, acrimonious litigation between the parties.).

[14] *Doe v. Hgi Realty*, 254 Ga. App. 181, 184 (561 SE2d 450) (2002) (citation omitted).

[15] *McNair v. McNair*, 343 Ga. App. 41, 46 (2) (805 SE2d 655) (2017) (punctuation, footnotes, and emphasis omitted).

[16] See *Campbell v. The Landings Assn.*, 311 Ga. App. 476, 483 (6) (716 SE2d 543) (2011) (Despite the contentiousness of the litigation, the trial court did not abuse its discretion by denying the request for attorney fees.).