**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 7, 2022**

# In the Court of Appeals of Georgia

A22A0413. CLAYBROOKS v. CLAYBROOKS.

PINSON, Judge.

After losing her job, Yolanda Claybrooks stopped making her court-ordered child-support payments to her former spouse, John Claybrooks. John sued Yolanda for contempt. The trial court found Yolanda in willful contempt and ordered her to pay the past-due child support, plus attorney fees and interest. We affirm the finding of willful contempt, because evidence supported the trial court's finding that Yolanda failed to pay child support even though she had enough money in her 401(k) account to do so. But we must vacate the awards of attorney fees and interest. The attorney fees were awarded under OCGA § 19-6-28 (a), but that statute does not authorize the award of attorney fees in a contempt action. And the interest was awarded under OCGA § 7-4-12.1, but that statute requires courts to consider four specific factors in

deciding whether and how to apply interest, and the record shows that the trial court did not consider those statutory factors. So we vacate these awards and remand the case for further proceedings consistent with this opinion.

## Background

John and Yolanda Claybrooks are the divorced parents of a daughter, M. C. In 2016, the parties entered into a consent order modifying their divorce decree, which provided, among other things, that John would have primary physical custody of M. C. and that Yolanda would pay $700 per month in child support.

About four years later, in 2020, John filed a complaint for contempt against Yolanda. The complaint alleged that Yolanda was behind in her child-support payments by more than $8,400 and asked the trial court to find her in willful contempt of the 2016 child-support order. For relief, the complaint requested that Yolanda pay all "all monies owed pursuant to the 2016 Order," as well as John's attorney fees and litigation expenses and "such other and further relief as this Court may deem just and equitable." Yolanda responded to the complaint, explaining that she had lost her job in 2019 and that she had not been able to find another one, particularly during the COVID-19 pandemic.

2

The court held a hearing. During opening statements, Yolanda's counsel explained that Yolanda had about $50,000 in her 401 (k) account and that she had recently offered to pay her unpaid child support out of that account by the end of that week. The trial court asked: "So we're just really here to argue about [attorney] fees?" Counsel agreed that the question of fees was "basically it." Both sides then presented argument and testimony about two remaining issues: the reasonableness of the amount of attorney fees that John was seeking ($6,200), and Yolanda's contention that she had already made a series of $25 payments, totaling $575, which should be credited against the amount of child support she owed.

The trial court found that Yolanda was in willful contempt of the 2016 child support order: "I mean, she's obviously in contempt. It's obviously willful. She had the money. She just didn't pay it." The trial court did, however, find that Yolanda's arrearage should be reduced by the $575 she had already paid. The trial court asked John's counsel to prepare an order of payment, leaving blank the amounts of fees and interest so that the court could determine what amounts were reasonable.

The next day the trial court issued its final order. The court found that Yolanda owed $7,825 in child support, giving her credit for the $575 she had already paid. The court further found that Yolanda was in willful contempt of her child support

3

obligation, since she had a 401 (k) account with enough funds to cover the unpaid amount. Based on that finding, the court assessed $1,024 in interest on the unpaid child support under OCGA § 7-4-12.1. Also based on that finding, the court ordered Yolanda to pay $3,125 in attorney fees under OCGA § 19-6-28 (a), having reduced the fee amount from the $6,200 that John had originally requested.

Yolanda applied for a discretionary appeal, which we granted.

Discussion

1. Yolanda contends that the trial court erred by finding her in willful contempt of her child support obligations.

"In order to hold a party in contempt, a trial court must find that the party *willfully* disobeyed a court order." *Wall v. James*, 358 Ga. App. 121, 123 (1) (853 SE2d 881) (2021) (citation and punctuation omitted; emphasis in original). A trial court has broad discretion in applying that standard. *Sullivan v. Harper*, 352 Ga. App. 427, 433 (2) (834 SE2d 921) (2019). And in reviewing the trial court's application of that standard, "if there is any evidence to support [the] court's determination that a party has willfully disobeyed its order, the finding of contempt will be affirmed." *Darroch v. Willis*, 286 Ga. 566, 568 (2) (690 SE2d 410) (2010).

4

The trial court's finding of willful contempt here was within its discretion. The court found that Yolanda willfully declined to comply with the 2016 child support order because she had enough money in her 401(k) account to pay what she owed, yet did not pay it. Yolanda contends that her failure to pay was not willful, because she was out of work and because she would incur a penalty for withdrawing funds from her 401(k) account. But "[i]nability to pay is a defense only where the contemnor demonstrates that [she] has exhausted all resources and assets available and is still unable to secure the funds necessary to enable compliance with the court's order." *Darroch*, 286 Ga. at 569 (2). A 401(k) account is just such an available resource. See id. (upholding finding of willful contempt where former spouse failed to refinance the mortgage on the marital home, as directed in a Marital Dissolution Agreement, despite having available resources, including a 401(k) account and multiple ways to borrow money). And there is no dispute that Yolanda had a 401(k) account, or that she could have withdrawn funds from it to comply with the child-support order. Because this evidence supports the trial court's finding of willful contempt, that finding must be affirmed. Id.; see also *Bernard v. Bernard*, 347 Ga. App. 429, 435-36 (3) (819 SE2d 688) (2018) (affirming finding of willful contempt where evidence supported trial court's finding that former spouse who failed to pay child support had

5

access to cash accounts, retirement accounts, and the assets of his current wife, and had not attempted to borrow money or reduce his spending).

2. "Generally, an award of attorney fees is not available in Georgia unless authorized by statute or contract." *O'Keefe v. O'Keefe*, 285 Ga. 805, 805-06 (684 SE2d 266) (2009) (citation omitted). Yolanda contends that the trial court erred by awarding attorney fees under OCGA § 19-6-28 (a), rather than under OCGA § 19-6-2. But we conclude that neither statute authorized the fee award.

(a) The trial court awarded attorney fees under OCGA § 19-6-28 (a), but no part of that provision authorized that award. The first part of that provision gives courts the power to impose "terms and conditions" they "deem proper to assure compliance" with divorce, child support, or alimony orders. As a general matter, it is not clear when, if ever, attorney fees awarded at the close of litigation would serve as a mechanism for "assur[ing] compliance" with an order. But in any event, there is no indication in the court's order or otherwise that these particular attorneys fees were awarded to assure compliance with the modification order at issue. Instead, they were awarded in a contempt proceeding, which is meant to punish a failure to comply with that order. So § 19-6-28 (a)'s power to set "terms and conditions" does not authorize this fee award.

6

Neither are attorney fee awards authorized by the part of 19-6-28 (a) that deals with contempt. That part of the provision extends the contempt power to trial courts that have issued divorce, child support, or alimony orders. It does this by giving these courts the "power to punish" a party for violating such orders "*to the same extent* as is provided by law for contempt of the court in any other action or proceeding." Id. (emphasis supplied). But it is well settled that the contempt power does not inherently include a power to award attorney fees. *Minor v. Minor*, 257 Ga. 706, 709 (2) (362 SE2d 208) (1987) ("No authority exists to award attorney fees merely because an action is for contempt."). Accord *Cook v. Campbell-Cook*, 349 Ga. App. 325, 332 (3) (b) (826 SE2d 155) (2019); *Tate v. Tate*, 340 Ga. App. 361, 364 (3) (797 SE2d 227) (2017); *Stewart v. Tricord, LLC*, 296 Ga. App. 834, 835 (1) (676 SE2d 229) (2009); see also *Sampson v. Cureton*, 343 Ga. App. 466, 473 (2) (807 SE2d 465) (2017) ("superior courts do not have authority to require the payment of attorney fees as punishment for contempt"). If the contempt power does not generally include the power to award attorney fees, then the contempt power that § 19-6-28 (a) extends to courts "to the same extent" that it is available in other actions also does not include

the power to award attorney fees.[1] So OCGA § 19-6-28 (a) does not authorize the attorney fee award here.

(b) Code Section § 19-6-2 also does not authorize the attorney fee award. That provision authorizes attorney fees in an "action ... for alimony, divorce and alimony, or contempt of court arising out of either an alimony case or a divorce and alimony case." OCGA § 19-6-2 (a). This is a contempt action that alleged a failure to comply with a consent order that modified custody, visitation, and child-support rights and obligations. Although one might argue that such an action nevertheless "ar[ose] out of" the Claybrookses' divorce case, our precedent squarely forecloses awarding attorney fees in these circumstances: Section 19-6-2 "does not apply to a petition for modification of child custody or to contempt proceedings unless the allegations are for failure to comply with the *original* alimony or divorce decree." *Moore v.*

---

[1] Neither case that John cites supports his contention that OCGA § 19-6-28 (a) authorizes attorney fees because neither case involved an award of attorney fees under OCGA § 19-6-28 (a). In *Brown v. King*, our Supreme Court held that a contempt action to enforce child support payments is an independent proceeding; the Court then cited the portion of OCGA § 19-6-28 that describes the process for serving the contempt motion and rule nisi. 266 Ga. 890, 890 (1) n.7 (472 SE2d 65) (1996). In *Bridges v. Wooten*, we concluded that a plaintiff had no private right of action for damages for criminal abandonment based on the failure to pay child support, noting that OCGA § 19-6-28 provided the plaintiff with a civil contempt remedy. 305 Ga. App. 682, 684-85 (1) (700 SE2d 678) (2010).

8

*Hullander*, 345 Ga. App. 568, 571 (2) (814 SE2d 423) (2018) (citation and punctuation omitted; emphasis in original); see also *Hall v. Hall*, 335 Ga. App. 208, 211-12 (2) (780 SE2d 787) (2015) (OCGA § 19-6-2 not available for attorney fees in action for modification of child support); *Cothran v. Mehosky*, 286 Ga. App. 640, 641 (2) (649 SE2d 838) (2007) ("[w]here the action seeks solely to modify the alimony or divorce decree . . . such as an action for modification of child support . . . and does not contain any contempt allegations for failure to comply with the original alimony or divorce decree, it falls outside the parameters of OCGA § 19-6-2").

(c) In short, neither OCGA § 19-6-28 nor 19-6-2 authorized the attorney fee award here, so we must vacate the award. We leave for remand the question whether some other statute authorizes an award of attorney fees. Cf. *Viskup v. Viskup*, 291 Ga. 103, 106-07 (3) (727 SE2d 97) (2012) (affirming attorney fee award that did not state its statutory basis because the language of the order tracked OCGA § 19-9-3 (g) and the case fell within that section's parameters).

3. According to OCGA § 7-4-12.1 (a), "[a]ll" awards and judgments rendered under Title 19 of the Georgia Code—which deals with domestic relations—"shall accrue interest at the rate of 7 percent per annum." The statute gives trial courts "discretion" to apply or waive that interest, or to reduce the amount owed, and it sets

9

out four factors that the court "shall consider" in making that decision. Id. Yolanda contends that the trial court erred by awarding interest under that statute for her unpaid child support, both because John did not specifically request interest in his complaint and because the court failed to consider the statutory factors. We review the trial court's interest award for abuse of discretion. *McCarthy v. Ashment*, 353 Ga. App. 270, 276 (5) (835 SE2d 745) (2019).

(a) The court did not err in granting interest without a specific request for that relief. As an initial matter, John's complaint for contempt requested "such other and further relief as this Court may deem just and equitable." But even putting that catch-all request aside, OCGA § 7-4-12.1 (a) builds the interest question into each domestic-relations action by default: it states that "[a]ll" awards and judgments in domestic relations actions "shall accrue interest at the rate of 7 percent per annum," and it gives trial courts discretion to decide whether and how to apply interest in each case. Id. So John did not need to expressly request interest for the court to consider whether to apply it.

(b) That said, we agree with Yolanda that the court erred by not considering the statutory factors. Code Section 7-4-12.1 (a) states that trial courts "shall consider" four specific factors in determining whether and how to apply interest, including

10

whether there was "good cause" for nonpayment of child support, hardship to each party, and the effect of applying interest on the ability to pay child support. Here, the order "makes no mention of the factors and contains no findings with regard to them." *Spirnak v. Meadows*, 355 Ga. App. 857, 868 (6) (a) (844 SE2d 482) (2020)." And when Yolanda's counsel noted at the contempt hearing that "the interest is, of course, not mandatory," the court responded, "[w]ell, I generally award interest." In sum, as best we can tell, interest was awarded here as a matter of course rather than based on application of the statutory factors. Under these circumstances, we must vacate the interest award and remand for consideration of the factors set out in OCGA § 7-4-12.1 (a). See *Spirnak*, 355 Ga. App. at 869 (6) (a); cf. *McCarthy*, 353 Ga. App. at 276 (5) (affirming award of interest where trial court "made several findings of fact regarding the financial circumstances of both parties" before awarding interest on child support and attorney fees).

*

To sum up: We affirm the trial court's finding that Yolanda was in willful contempt of the 2016 order. But we vacate the trial court's awards of attorney fees and interest on Yolanda's unpaid child support and remand for further proceedings consistent with this opinion.

11

*Judgment affirmed in part and vacated in part, and case remanded in part.*

*McFadden, P. J., and Gobeil, J., concur.*