**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and LAND, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**August 15, 2022**

# In the Court of Appeals of Georgia

A22A0799. NEWSOME v. GRAHAM.

McFADDEN, Presiding Judge.

This appeal challenges the denial of a motion to dismiss a petition for custody modification based on alleged insufficient service of process; but the evidence supports the trial court's finding that service was perfected when the process server left copies of the petition and summons with appellant's wife at their residence. The appeal also challenges the enforcement of a settlement agreement; but the record shows without dispute that the parties reached such an agreement and announced its terms on the record during a bench trial. So we affirm.

1. *Facts and procedural posture.*

Wehman Newsome and Sonya Graham are the parents of minor child J. A. N. Newsome and Graham, who were never married, agreed to a permanent parenting

plan which the trial court incorporated into a final consent order, awarding primary physical custody of the child to Graham and visitation rights to Newsome. Two years later, Graham filed a petition to modify custody, alleging that Newsome's behavior had caused J. A. N. to have emotional problems.

Newsome moved to dismiss the petition, claiming insufficient service of process. The trial court denied the motion to dismiss and the case proceeded to a bench trial. During the trial, the parties announced that they had reached a settlement agreement; recited the terms on the record, which included Graham having sole legal and physical custody of the child, Graham paying all unpaid medical expenses of the child, and Newsome paying certain attorney and guardian ad litem fees; and indicated that the terms as recited at the hearing would later be memorialized in writing for the parties' signatures. Upon questioning by the trial judge, Newsome expressly confirmed that he agreed with all the terms of the settlement agreement as read into the record.

Graham subsequently filed a motion to enforce the settlement agreement because Newsome refused to sign the document memorializing the agreement that had been announced at the bench trial. The trial court granted Graham's motion to enforce the settlement agreement. Newsome brought this pro se appeal.

2. *Appellant's brief.*

Newsome's initial appellate brief does not comply with the rules of this court. Among other deficiencies, it does not contain citations to the record or a sequence of arguments following the order of properly enumerated errors. See Court of Appeals Rule 25. The fact that Newsome is "proceeding pro se does not relieve [him] of his obligation to comply with the rules of this [c]ourt. Our requirements as to the form of appellate briefs were created, not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this [c]ourt." *Cooper v. State*, 358 Ga. App. 212, 212-213 (854 SE2d 557) (2021) (citation and punctuation omitted). We note that Newsome's reply brief rectifies some of the deficiencies of his initial brief. To the extent the arguments in his reply brief do not exceed the scope of the arguments discernible from his initial brief, we will consider such claims of error. See *Perez v. Atlanta Check Cashers*, 302 Ga. App. 864, 867 n.3 (692 SE2d 670) (2010) (party may not use reply brief to expand enumeration of errors).

3. *Motion to dismiss.*

Newsome contends that the trial court erred in denying his motion to dismiss for insufficient service of process. We disagree.

Where a defendant claims there was a failure of service, the trial court has the authority to decide as a factual matter whether service has occurred. This finding will not be disturbed as long as there is some evidence to support it. Further, when a defendant in a lawsuit challenges the sufficiency of service, he bears the burden of showing improper service. The process server's return of service can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit.

*Newsome v. Johnson*, 305 Ga. App. 579, 581 (1) (699 SE2d 874) (2010) (citation, punctuation, and emphasis omitted).

In the instant case, the process server's affidavit of service provided that he served Newsome with copies of the summons and petition by placing them at the feet of the occupant of Newsome's residence, who had refused to open the door of the residence. At the hearing on the motion to dismiss, Newsome's wife gave testimony confirming that she had received documents when the process server slid them underneath the door of the residence, that she saw "*Sonya Graham v. Wehman Newsome, Sr.*" on the top sheet of the documents, and that she gave the documents to Newsome. Moreover, Newsome himself admitted at the hearing that he had received the served documents from his wife and he acknowledged that he had timely filed an answer to the petition; but he further claimed that the served paperwork contained only the summons with sheets of blank paper beneath it and that he later

4

received the petition by mail from Graham's counsel. Graham's counsel, however, stated in his place that he had given a copy of the petition to the process server, who, as noted above, swore by affidavit that he had served Newsome with both the petition and summons.

Under these circumstances, there was sufficient evidence to support the trial court's finding that proper service had in fact occurred pursuant to OCGA § 9-11-4 (e) (7), which permits service of the summons and complaint "by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein[.]" See also *Tavakolian v. Agio Corp.*, 304 Ga. App. 660, 665 (4) (697 SE2d 233) (2010) (service proper under OCGA § 9-11-4 (e) (7) where copies of summons and complaint were left on garage floor of defendant's residence with defendant's wife). Newsome has thus "failed to carry his burden of showing improper service, and the trial court was correct in denying [his] motion to dismiss[.]" *Jacobson v. Garland,* 227 Ga. App. 81, 84 (1) (487 SE2d 640) (1997) (service proper where copies of summons and complaint were left with defendant's wife on the ground outside the door of their residence).

3. *Enforcement of settlement agreement.*

Newsome challenges the trial court's grant of Graham's motion to enforce the settlement agreement. The challenge is without merit.

> When a motion to enforce a settlement agreement is decided without an evidentiary hearing, as in this case, the issues raised are procedurally analogous to those in a motion for summary judgment. Accordingly, the court must view the evidence in the light most favorable to the nonmoving party, and the movant must show that the documents, affidavits, depositions, and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on whether a settlement was reached. On appeal, we apply a de novo standard of review to the trial court's determination to enforce the settlement agreement.

*Miller v. Miller*, 356 Ga. App. 142, 142-143 (846 SE2d 429) (2020) (citation and punctuation omitted).

So viewed, the evidence in the record reveals that there is no jury issue on whether a settlement was reached. As recounted above and as found by the trial court, Newsome and Graham "came to an agreement on all outstanding issues which was read into the record [at the bench trial]. Upon questioning by the [c]ourt, all parties agreed to the terms of the agreement. There is no dispute that an agreement existed between these parties[.]"

The trial court did not err in enforcing the oral agreement reflected by the transcript of the bench trial since "oral settlement agreements are enforceable if their

6

existence is established without dispute." *Strategic Law, LLC v. Pain Mgmt. & Wellness Centers of Ga.*, 343 Ga. App. 444, 446-447 (a) (806 SE2d 880) (2017). See also *Lecroy v. Massey*, 185 Ga. App. 828, 829 (366 SE2d 215) (1988) (Uniform Superior Court Rule 4.12 provides that "[o]ral agreements, if established, are enforceable"). It is true that "where the very existence of the agreement is disputed, it may only be established by a writing." *Reichard v. Reichard*, 262 Ga. 561, 564 (2) (423 SE2d 241) (1992) (citation and punctuation omitted). But contrary to Newsome's argument, there was no dispute as to the existence of the settlement agreement. "That the [parties] in the present case had reached an agreement is without doubt based on the [transcribed] colloquy[ announcing the settlement terms at the bench trial]." *Ray v. Ray*, 263 Ga. 719, 720 (438 SE2d 78) (1994) (rejecting claim of a dispute about the existence of a settlement agreement where colloquy at a hearing showed that a settlement had been reached). See also *Tranakos v. Miller*, 220 Ga. App. 829, 833 (1) (470 SE2d 440) (1996) ("written transcripts satisfy the writing requirement by providing certainty and finality as to the exact terms of the agreement"). Consequently, Graham's "motion to enforce [the] settlement [agreement] was properly granted under the circumstances regardless of whether

7

[Newsome] signed the [document memorializing the terms of the oral] agreement."

*Ray*, supra.

    *Judgment affirmed. Gobeil and Land, JJ., concur*.